## Black Mountain Corporation v. Myers et al.

Dec. 12, 1941.

50

J. B. Snyder for appellant.

John A. Doyle for appellee.

OPINION OF THE COURT BY JUDGE FULTON—Affirming.

This appeal is from a judgment sustaining the action of the Workman's Compensation Board in awarding total permanent disability compensation to the appellee, Alton Myers.

The appellee was injured by a fall of rock in appellant's mine somewhere between the 4th and 14th of June, 1938. He continued to work an hour or so after he was injured but began to suffer pain and ceased work. He went to appellant's hospital and was examined by a physician, receiving medical treatment of a minor nature. He remained at his boarding house for about a week and then returned to his home at Tracy, Tennessee, where he remained until July 24, 1938. He then returned to appellant's mine and was examined by a physician and certified for work. He returned to work on July 25, 1938, and continued to work until March 31, 1939, when the mines shut down pursuant to a labor dispute. Myers testified that during the period from July 25, 1938, to March 31, 1939, when he was working he was in much discomfort and as a matter of fact was really unable to work, his answer to one question being, "I wasn't really able to work when I did because by back hurt and when I stand on my feet and set them I break over." On March 22, 1939, Myers was examined by Dr. J. G. Foley who made an X-ray examination. After this examination he returned to work and remained until the mines closed on March 31. He then returned to his home in Tennessee and on June 1, 1939, filed his claim for compensation. The referee denied the claim but on full Board review he was awarded total permanent disability compensation.

Three physicians, testifying for appellant, stated that Myers was twenty-five percent disabled while three physicians testifying for Myers state that he was totally and permanently disabled. These physicians found a compression fracture of the first lumbar vertebra and in addition found that he was suffering from hernia. Myers states that the hernia on one side was noticed by him when he returned to work in the mine and that later a partial hernia developed on the other side. The physi-

cians testifying for him, however, stated that in their opinion the injury to his back rendered him totally disabled without consideration of the hernia and the Board also found this to be a fact.

On cross-examination of Myers it was developed that he had sustained a previous injury in 1925 while working for appellant in its mine and as a result thereof he was in the hospital seven days and remained away from work approximately seven weeks.

On this appeal it is insisted that since the physicians testifying for Myers expressed doubt that a man injured to the extent they found him to be, namely, having the compression fracture revealed by the X-ray, could have done any hard manual labor, it is apparent that at least a major portion of the disability from which he now suffers was due to the former injury and that the Board should have so found. Secondly, it is contended that a part of the disability was due to the hernia, which appellant was entitled to have repaired and relieved by an operation, and the Board should have made a finding as to the extent the hernia entered into the disability. Third, it is contended that there was no substantial evidence to support the Board's finding of total disability.

We are unable to see any merit in appellant's first contention since Myers remained in the hospital only seven days and off duty only about seven weeks as a result of the former injury. He then went back to work and continued to do hard manual labor for years. It is therefore apparent that he sustained no substantial disability at that time. He was off duty from the first injury approximately the same length of time that he was from the second. Appellant's argument, if accepted as sound and followed to its logical conclusion, demonstrates that the severe injury with which Myers was affected could not have been sustained in either the first or second accident, yet we know that he was thus injured. We think the finding of the Board that the fracture of the spine was a result of the second accident was fully justified.

Since the Board found that Myers was permanently and totally disabled by reason of injuries to his back, we are also of the opinion that the second contention cannot be sustained. This finding was based on evidence of physicians that the fracture of the vertebra was sufficient

to produce total disability without regard to the hernia. Since the Board found total disability, independent of the hernia, it would manifestly be frivolous to remand the case to the Board to make a finding as to the extent of disability caused by the hernia.

While we are not in accord with the finding of the Board that the evidence disclosed permanent total disability, we are nevertheless of the opinion that the evidence was sufficient to sustain that finding—in short, that there was some substantial evidence of total permanent disability. The physicians testifying for Myers stated that the injury to his spine disabled him to such an extent that he would never be able to do hard manual labor in or out of the mines; that he couldn't do heavy work and would never be able to compete with well men in any kind of work. Dr. Marchbanks stated that Myers was unable to do any heavy work and would be disabled to do so on account of his back even if he had a successful repair of the hernias. This testimony was sufficient to sustain the finding of total disability. Black Mountain Corporation v. Thompson et al., 285 Ky. 306, 147 S. W. (2d) 708, and cases therein cited.

It may here be noted that the machinist, with whom Myers worked in appellant's mine, testified that after Myers returned to work he noticed no difference in the caliber or quality of his work. Further, appellant's superintendent testified that after Myers ceased work the witness made a visit to Myers' home in Tennessee and found him there engaged in doing work at a wagon mine operated by Myers on his own farm. A neighbor of Myers also testified that he saw him engaged in work in the wagon mine. This testimony, however, was denied by Myers' son, who testified that such work performed by Myers was trivial and inconsequential. While this testimony, in connection with other testimony in the case leads us to doubt that Myers was totally disabled, it was but a factor to be considered by the Board in arriving at its finding, and we are unable to say that the finding of the Board is not supported by some evidence and, this being true, it is our duty to sustain that finding. It is only where there is a total lack of substantial evidence to sustain the findings of the Board that a court is authorized to reverse those findings. Searcy v. Three Point Coal Co., 280 Ky. 683, 134 S. W. (2d) 228.

Judgment affirmed.