**DEBY COAL COMPANY, Appellant,**

v.

**Bill ROARK et al., Appellees.**

Court of Appeals of Kentucky.

May 18, 1962.

As Modified on Denial of Rehearing
Oct. 19, 1962.

Scott Reed, Wallace, Turner & Reed, Charles M. Tackett, Turley, Tackett & Geralds, Lexington, for appellant.

Will C. Hoskins, Denver Adams, Hyden, for appellees.

STEWART, Chief Justice.

On August 14, 1959, Bill Roark, appellee herein, while working for appellant, Deby Coal Company, as a coal cutter and loader, was injured in the latter's mine. The accident occurred when appellee was caught between a coal car and a mine timber. For five days appellee was paralyzed from the hip down. He was hospitalized for ten days and released, with instructions to sleep on a board. On December 22, 1959, as a result of his examination by Dr. Harvey Chenault of Lexington, he was fitted with a combination truss and brace, the brace supporting his waist and hips up to his ribs, and was told to wear the brace for a period of at least four to five months.

On January 8, 1960, Roark filed a claim for compensation. He is 49 years old and has been a coal miner for nearly 30 years. His deposition was taken on February 12, 1960, and is the only testimony in the record. He stated therein that his injuries consisted of a rupture across the pit of his stomach, the dislocation of his right hip, and a "back injury according to the doctor"; that he was unable to do any work requiring lifting, bending, or stooping; and that he first noticed the hernia as soon as the feeling came back to his stomach after the accident, which was four or five days later.

On June 8, 1960, a stipulation was filed by the parties to the effect that appellant's bookkeeper would testify, if subpoenaed, that the records kept by him showed Roark returned to work in appellant's mine on March 10, 1960, as a coal loader (his occupation at the time of his injury) and had worked continuously and regularly in that capacity up to the date the stipulation was filed. The record does not indicate whether appellee has remained on his job down to the present.

On August 16, 1960, the referee for the Workmen's Compensation Board issued an opinion and award, finding appellee was totally and permanently disabled as a consequence of his injuries and that he should receive full compensation for 425 weeks and that his medical expenses should be paid by appellant. The referee did not mention the stipulation but stated that appellant had the right to reopen the case if appellee's condition improved. On review, the full Board upheld the referee and on appeal the Leslie Circuit Court also confirmed the award.

On this appeal, appellant contends there is no competent evidence of probative value on which to base the award. The position is taken that Roark did not undertake to testify as to the extent or duration or permanency of his impairment and, as a consequence, there is no basis for a finding of total and permanent disability. There is evidence that Roark returned to work shortly after testifying in this proceeding and prior to the submission of the case to the Board. Appellant points out that there is no evidence explaining in anywise Roark's return to work, so as to justify a total permanent disability award.

Appellant's contention raises the one issue to be resolved in this appeal, namely, whether the undisputed testimony of appellee is of such a substantial nature and has such probative worth as to uphold the finding of the Board.

On this question, the referee said: "While he (Roark) presents no evidence of the probable duration of his disability to do work, the record shows that he was totally disabled to work on February 12, 1960, and that his physical condition was such that foreseeable recovery is not indicated. While the doctor had told plaintiff that the back brace would be removed in four or five months, there is no indication that plaintiff would then be able to work, or that the hernia would have been repaired by that time."

The full Board, after recounting appellee's injuries and treatment, made this statement on the matter of proof of *permanent*

disability: "When we take into consideration such injuries and the absence of controverted evidence, we are of the opinion that he (Roark) will be permanently and totally disabled, as the referee found."

 Upon an appeal from an award of the Board the courts are authorized merely to examine the record in order to determine if the evidence introduced is relevant and substantial and, if so, they have no choice except to sustain the award, even though there may be considerable proof pointing the other way. Stated somewhat differently, it may be said that the award must stand unless there is an absence of material evidence of probative force to buttress the Board's finding. Jenkins v. Tube Turns, Inc., Ky., 321 S.W.2d 48; Clear Fork Coal Co. v. Gaylor, Ky., 286 S.W.2d 519; Black Mountain Corporation v. Myers, 289 Ky. 49, 157 S.W.2d 488.

Appellant admits that the testimony of a claimant, standing alone, may be sufficient to support an award for total and permanent disability under the Workmen's Compensation Act. In Olive Hill v. Parsons, 306 Ky. 83, 206 S.W.2d 41, this Court considered the question of the sufficiency of the testimony of an employee to uphold an award by the Workmen's Compensation Board of 75% disability, allegedly caused by a hernia received in an accident. No medical proof was introduced. The opinion in 206 S.W.2d at pp. 43 and 44 said: "* * * Disability is a question of fact to be determined by the Board, and we know of no rule which requires the employee to produce medical proof. * * *"

In United Electric Coal Company v. Adams, Ky., 299 S.W.2d 246, the employee, Adams, was injured while working in a coal mine. Testifying in support of his claim for compensation, he said his injury gave him much pain, prevented him from doing heavy lifting and impaired his working capacity 50%. None of the examining doctors could, or did, give an opinion as to the extent of Adams' disability, since his

condition was caused by subjective symptoms of pain and suffering.

The Board fixed the amount of Adams' disability at 50%. The employer argued he was not a competent witness to testify as to the extent of his incapacity to do his work. This Court rejected this argument, saying on page 248 of the opinion: " * * * When Adams testified his injury prevented him from working half the time, the Board had evidence of probative value upon which it could, and did, fix his permanent disability at 50%. * * *"

In the present case appellee testified that due to his injuries he was unable to do any work of any kind; that he could not stoop, squat or lift anything; and that he had soreness and pain. The effect of his testimony, and the Board so found, was that he was totally disabled.

 If the testimony of the claimant alone in the Adams case fixed his impairment at 50% and that proof was held sufficient to grant an award measured by that degree of disability, then the testimony of appellee alone, in the case under consideration, constitutes evidence of substance upon which to base an award of total disability.

 Although it is conceded by appellant that under certain conditions an injured employee may return to work and still retain his status as a person totally and permanently disabled under the Workmen's Compensation Act, it is contended no qualifying circumstances are present in appellee's case. Appellant relies wholly upon the stipulation of its bookkeeper to disprove appellee's claim of total permanent disability by the statement therein set forth that appellee came back to its mine on March 10, 1960, and has worked continuously and regularly ever since in the same capacity as before he was injured.

There is something obviously incomplete in this stipulation. For one thing, it does not state the number of hours worked by the employee each day for the approxi-

mately two-month period covered by it. Nor does it disclose the amount he was paid during the time involved. Unquestionably the full Board gave the stipulation due regard and chose to find nevertheless in favor of appellee. As the weight and sufficiency of the evidence in workmen's compensation proceedings is for the Board alone to determine, Black Star Coal Co. v. Hall, 257 Ky. 481, 78 S.W.2d 343, we must abide by the conclusion reached by the Board on the point raised.

Wherefore, the judgment is affirmed.