**Chester LAINHART, Appellant,**

v.

**RURAL DOXOL GAS COMPANY et al., Appellees.**

Court of Appeals of Kentucky.

March 13, 1964.

Ware, Bryson & Nolan, Covington, Robert F. Greene, Burlington, for appellant.

Wise & Brose, Cincinnati, Ohio, for appellees.

DAVIS, Commissioner.

Appellant asks reversal of a judgment of the Kenton Circuit Court which affirmed an award of the Workmen's Compensation Board. The Board's award allowed appellant temporary total disability from July 18, 1960, to July 30, 1960, plus permanent partial disability award for 398⅔ths weeks, at the rate of $7.75 per week, based upon a finding of 25% permanent partial disability.

Appellant asserts error on these points: (1) the evidence conclusively demonstrates total permanent disability, and (2) in any event, his total disability, even if temporary, was of greater duration than the period from July 18 to July 30, 1960.

Appellant, Lainhart, was employed by appellee Rural Natural Gas Company on and before July 18, 1960; on that date, while lifting two tanks of propane gas onto a truck, he sustained an injury to his back. He was confined to a hospital from July 18 to July 30, 1960. Although released from the hospital on July 30, 1960, appellant had not been employed at the time of the hearing before a referee of the Workmen's Compensation Board on January 17, 1961.

Appellant had formerly worked as a cook for Tastee Foods; during that employment he sustained a back injury approximately six years before the incident at bar. He was off work then two or three

days, consulted a chiropractor (now deceased) but did not receive compensation on account of that complaint. Appellant sustained a back injury while loading rock for appellee some "year and a half" before July 18, 1960. He was off work two weeks then, but received no compensation.

■ The medical testimony reflects that appellant had suffered intermittent backache for three years prior to the accident. The expert evidence classified the condition as a congenital defect in the lumbar area, evidenced in part by a narrowing of the fifth lumbar intervertebral disc. The medical testimony clearly supports the findings of the Workmen's Compensation Board. The parties concede, of course, that this court will not upset the Board's finding if it is supported by competent evidence of probative value. Deby Coal Co. v. Roark, Ky., 360 S.W.2d 511.

Appellant earnestly contends that the medical testimony is unanimous in concluding that appellant is totally permanently disabled as the result of his back condition. If this were the case, of course the Board's ruling was error. However, the record does not support the contention; hence, the ruling of the trial court was correct. See Lee v. International Harvester Co., Ky., 373 S.W.2d 418.

■ Appellant next complains that the allowance for temporary total disability should have exceeded the brief period from July 18 to July 30, 1960, when he was hospitalized. The medical evidence ascribes 25% of appellant's disability to the injury of July 18. The remainder of the disability is attributable to the pre-existing congenital defect. Indeed, the physician who first treated appellant on July 18 testified that at that time appellant gave no account of any incident on that day, or about that time, to which he traced his complaints. The medical evidence fairly supports the finding of the Board that appellant's disability in excess of 25% is the result of a noncompensable pre-existing condition. In light of this, there is abundant evidence to support the Board's finding as to the extent of the temporary total disability.

■ Finally, in brief for appellees, it is urged that the judgment be reversed for a reduced award. Appellant's motion to strike that request was passed to the merits. Appellee did not avail itself of cross-appeal as provided by CR 74; thus, the judgment may not be modified on this appeal at the instance of the appellees.

The judgment is affirmed.