284 So.2d 269

**E. L. STEWART, Individually and d/b/a
Stewart Iron Works**

v.

**Horace BUSBY.**

**Civ. 205.**

Court of Civil Appeals of Alabama.

Sept. 28, 1973.

Sintz & Pike, Mobile, for appellant.

Robert T. Cunningham, Mobile, for appellee.

HOLMES, Judge.

Appellant sought review of this case by Petition for Writ of Certiorari as required by Tit. 26, § 297, Code of Alabama 1940. Said petition was granted on May 8, 1973, and later amended on May 28, 1973. The case was submitted to this court on September 17, 1973.

Appellee filed suit against his employer under the Alabama Workmen's Compensation Act, Tit. 26, § 253 et seq., Code of Alabama 1940, to recover compensation for injury and resulting disability which were caused by an accident arising out of and in the course of his employment on October 12, 1971.

The Circuit Court of Mobile County entered a judgment for the appellee-plaintiff, apparently pursuant to Tit. 26, § 279(E), par. 3, Code of Alabama 1940, based upon a finding of total permanent disability, and awarded appellee the sum of $55 per week for 400 weeks. From this judgment, appellant seeks review by writ of certiorari.

The pertinent facts necessary to a determination of the case are as follows:

The appellee was employed by appellant along with eight or ten other people. On October 12, 1971, appellee was engaged in his trade as an iron worker and while working on the premises of the Holiday Inn, a set of stairs collapsed with him, and he fell some ten feet to the ground and injured his back. Appellee was immediately taken by ambulance to the emergency room of the Mobile General Hospital.

Appellee has not worked since the accident occurred. He did not work at all for a period of seven months after the accident. He attempted to work on two or three occasions but stated that he could not hold out; that he could not make a full week. He tried to do some carpentry work but was not able to do so.

Appellee testified that his back had never given him any trouble before the accident,

but now it bothers him "all the time." He testified that there has been no improvement in his back in the past six months.

Appellee does not know exactly what is wrong with his back, but says it is "messed up" in the middle.

An x-ray report was admitted into evidence without objection which stated that there was a mild narrowing of the C–6 C–7 interspace indicative of mild degenerative disc disease. The report also showed mild arthritic changes of anterior portions of the bodies of the lower dorsal vertebrae. The report stated that no definite fractures, dislocations, or other acute abnormalities were identified.

A letter from Dr. Joe B. Ray to appellant, dated January 21, 1972, was admitted into evidence without objection concerning a visit by appellee to doctor on January 17, 1972. The doctor stated that his physical examination revealed tenderness at the left paraspinal muscle insertion but that x-rays failed to reveal fracture in the area. The doctor said he believed appellee suffered a lumbar strain.

Another letter from Dr. Joe B. Ray to appellant and dated February 11, 1972, was admitted into evidence without objection pertaining to a February 8 visit by the appellee. The doctor stated that appellee was somewhat improved in his low back but complained of headaches. The letter also stated that physical examination revealed moderate tenderness in the occipital and posterior cervical region. The doctor prescribed a neck brace and suggested appellee return in two weeks for re-evaluation.

The evidence shows that appellee made some five office visits to Dr. Frank Johnson on November 18, 19, 22, December 11 and 18 of 1971. He also made seven office visits to Dr. Joe Ray on January 17, February 8, 23, March 2, 15, 29, and June 6 of 1972. It appears the appellee made two visits to Mobile General Hospital for therapy.

Medical expenses incurred by the appellee were shown to be:

| | |
|---|---|
| Dr. Frank Johnson | $ 86.00 |
| Dr. Joe Ray | 107.00 |
| 5 drug prescriptions | 20.05 |
| Mobile General Hospital | 56.00 |
| TOTAL | $269.05 |

There was testimony by appellee's wife that appellee had not had problems with his health before the accident on October 12, 1971. She stated that since the accident her husband has been constantly in pain, has had headaches constantly, and "cannot stoop, or lift anything or work long enough to make a week. Ain't no way he can do it." She testified that he has tried to work but has had to knock off and come home; that he couldn't work; and stays on pain pills.

Appellee's wife also said her husband was an iron worker by trade; had always been an iron worker; and he has no other trade.

From the above evidence, the trial court, in accord with Tit. 26, § 304, Code of Alabama 1940, made its finding of law, facts, and conclusions that the appellee injured his back in the line and scope of his employment; that he was engaged at the time in his only trade as an iron worker; and that he has been greatly hampered in obtaining employment that requires physical fitness. The court also found that appellee's back, as a result of the accident, has become painful and weakened and that he has lost his ability to be active physically, or to do work requiring physical exertion. As a proximate result, the court found appellee suffered total and permanent disability to his body as a whole under the provisions of Tit. 26, § 279(E), par. 3, Code of Alabama 1940.

Appellant assigns as error the finding of the trial court that appellee was totally and permanently disabled. Appellant urges that some type of competent, expert medical testimony must be shown before a court may find total, permanent disability. Put another way, appellant complains there

is an absence and total lack of any testimony by any competent witness, of any permanent disability.

■ The law in Alabama is well established that on certiorari to review judgments in workmen's compensation cases, this court does not look to the weight of the evidence as to any fact found by the trial court, but looks to see if there is any evidence to support the facts found by the trial court. Tiger Motor Co. v. Winslett, 278 Ala. 108, 176 So.2d 39; Dale Motels, Inc. v. Crittenden, 50 Ala.App. 251, 278 So.2d 370. Stated another way in Alabama Textile Products Corp. v. Grantham, 263 Ala. 179, 183, 82 So.2d 204, 207, the supreme court said:

> "Workmen's compensation cases are not triable de novo in this court on the evidence taken below nor reviewed even as the finding of a judge sitting without a jury, as in ordinary trials at law or in equity upon testimony of witnesses examined before the court. Our duty in this type case is simply to ascertain whether there was any legal evidence to sustain the conclusion of the trial court. If any reasonable view of the evidence supports such conclusion, then the judgment will not be disturbed. (Citations omitted)"

See also Brunson Milling Co. v. Grimes, 267 Ala. 395, 103 So.2d 315.

■ As able counsel for the appellant correctly points out in brief, the burden of proof rests upon the petitioner to sustain the allegations of his petition. Ala. Textile Products Corp. v. Grantham, supra; Simpson v. Ala. Dry Dock & Shipbuilding Co., 269 Ala. 635, 114 So.2d 918. Furthermore, the evidence presented must be more than evidence of mere possibilities, such as would simply serve to "guess the defendant" into liability. We note, however, that circumstantial evidence is sufficient. Southern Cotton Oil Co. v. Wynn, 266 Ala. 327, 96 So.2d 159; Davis Lumber Co. v. Self, 263 Ala. 276, 82 So.2d 291.

Appellant by his assignments of error in brief contends that, in this instance, involving a determination of total permanent disability, the petitioner is required to present to the court some expert medical testimony of the nature, extent, and permanency of disability in order to meet the burden of proof. We cannot agree.

■ We know of no requirement that in cases of this nature "any evidence" must be interpreted to mean any "expert medical evidence." In fact, the law in Alabama is to the effect that opinion evidence is not conclusive on the trier of fact. This is so no matter how "expert" it may be, and even though such testimony may be uncontroverted. Benson-Jackson-Mathers Post No. 5106 v. Donaldson, 267 Ala. 60, 99 So. 2d 688; Dale Motels, Inc. v. Crittenden, supra. It does not logically follow that although a trial court may disregard this expert testimony, he must have such evidence presented to him. There may be times when expert testimony is desirable in order to enable the trier of fact to make his determination, but in this instance, the trial judge could and did make his findings on the basis of the evidence presented. Furthermore, had the trial judge thought it necessary, he could have ordered a physical examination of the appellee in order to determine his status. Tit. 26, § 293, Code of Alabama 1940.

In this court's research of the law in other jurisdictions in reference to the necessity of expert medical testimony to show permanency of disability, we find the majority of cases clearly reveal that a trial court may make a finding of permanent total disability or a percentage of disability without expert medical testimony.

In Travelers Insurance Co. v. Rudy, 340 F.2d 132, the Court of Appeals, Fifth Circuit, affirmed a finding by the lower court of permanent injury inferred from circumstantial evidence and based on the claimant's testimony alone. The claimant testified that he had been to four doctors and was still under treatment; that his condi-

tion was getting worse; and that his suffering attributable to the. injury had required him to leave four jobs. To like effect is Deby Coal Co. v. Roark, 360 S.W. 2d 511, where the Kentucky Court of Appeals affirmed a lower court's finding of total disability based on the injured employee's testimony alone that he could not stoop, squat, or lift anything; and that he had soreness and pain. The court ruled that this was sufficient evidence of substance upon which to base an award of total disability.

There is good reason to apply the above principles in Alabama. This court, along with our supreme court, has in similar fact situations defined total permanent disability, within § 279(E), par. 3, of the Workmen's Compensation Act, as meaning not absolute helplessness or entire physical disability, but the inability to perform the work of one's trade or inability to obtain reasonably gainful employment. See Brunson Milling Co. v. Grimes, *supra.*

This is further defined in Larson, The Law of Workmen's Compensation, Vol. 3, § 79.53, which states:

> "In arriving at the rule permitting awards in the absence or even in contradiction of medical testimony, two underlying reasons may be discerned: The first is that lay testimony, including that of claimant himself, is of probative value in establishing such simple matters as the existence and location of pain, the sequence of events leading to the compensable condition, and the actual ability or inability of claimant to perform his work; . . ."

Clearly, such a determination is not just a medical question, but is a complex concept involving several combinations of questions as to the claimant's inability to perform his job, and inability to get suitable work. See Larson, The Law of Workmen's Compensation, Vol. 2, § 57 et seq.

As noted above, the evidence in this case revealed that the appellee obviously injured his back and was in the line and scope of his employment when the accident occurred. The testimony showed that appellee's only trade was as an iron worker and that he can no longer perform the work of his trade nor obtain reasonably gainful employment. While, certainly, the trial court might well have been better informed by having the petitioner examined by a physician, we cannot say the evidence is insufficient for the trial court's finding of total permanent disability in this instance under the Workmen's Compensation Act above.

Tit. 26, § 293, Code of Alabama 1940, provides that either the employer, employee, or the court may require the party to submit to an examination by a physician to determine the extent of his injury. In the instant case, the employer did not avail himself of this provision. Certainly, such an examining physician could have been required to testify, and we would think the trial court would have welcomed such testimony.

We would also note that the employer, who was not an attorney, chose to represent himself in the lower court. He is certainly entitled to do. so, but his action in electing to represent himself entitles him to no special consideration.

Keeping in mind the rules discussed earlier regarding our review on certiorari, and further recognizing that the Workmen's Compensation Act should be given liberal construction to accomplish its beneficent purposes, City of Foley v. Terry, 278 Ala. 30, 175 So.2d 461, we cannot say that there was insufficient evidence to support the trial court's finding of total permanent disability.

Accordingly, in consideration of all assignments of error, we can find no reversible error. The judgment of the trial court must be affirmed.

Affirmed.

WRIGHT, P. J., and BRADLEY, J., concur.