BRADLEY, Judge.
L. W. Limbaugh Mining & Construction Company (hereinafter referred to as “Limbaugh”) appeals from a lower court ruling holding it liable for compensation payments under the workmen’s compensation statute. We reverse.
Jack Youngblood, appellee, was working for Limbaugh on August 27, 1974 as a machine operator, when, as a result of a brake failure, he jumped to the ground, incurring injuries to his left hip and leg.
He was taken' to Carraway Hospital where Dr. Benjamin Meyer performed surgery and put a pin in Youngblood’s hip on September 18', 1974. He was discharged from the hospital on September 29, 1974.
Mr. Youngblood returned to work on June 9, 1975 with no restrictions placed on him.
Mr. Youngblood saw Dr. Meyer on several occasions after that and inquired as to the amount of permanent disability. Each time he was told that though there would be some permanent disability, he could not ascertain the extent until the pin was removed.' This was also indicated on the reports sent to Travelers, who is the workmen’s compensation carrier for Limbaugh.
The last compensation benefit received by Mr. Youngblood while he was off work after the first surgery was August 5, 1975.
His second operation by Dr. Meyer was on November 29, 1976 when his pins were removed. He was discharged from the hospital on December 5, 1976. Youngblood last saw Dr. Meyer on December 30, 1976. It was on this date that Dr. Meyer determined Mr. Youngblood’s permanent disability to be 25%, and a letter was sent to Mr. Young-blood stating this. He did not receive any compensation while off work after the second surgery, and the last medical payments were made on February 17, 1977.
Before addressing the merits of this case, we would point out that we concede only for the sake of argument that Dr. Meyer was the agent of Limbaugh. We should not be understood as holding that a principal-agency relationship existed between the doctor and the employer. We deem it unnecessary to decide this issue.
The dispositive issue on this appeal is whether the employer is estopped from relying on the defense that the employee did not file his claim within the statutory period. See § 25-5-80, Code of Alabama 1975.
The trial court found that the physician selected by the employer to treat the employee’s injuries failed to tell the employee the percentage of his disability within the statutory period, and, as a consequence, the employee was lulled or induced to wait beyond the required period for filing his claim. Therefore the employer is estopped from asserting the one year statute of limitations as a defense to the action for compensation benefits.
Limbaugh argues here that the doctrine of estoppel does not apply in this case, principally for the reason that an employee does not have to know the percentage or extent of his permanent partial disability before filing a claim. Thus, the time for filing a complaint seeking compensation benefits for a permanent partial disability *1145 cannot be extended for the purpose of ascertaining the extent of such disability.
The employee replies that he was induced by the physician selected by the employer to treat him to delay filing his complaint for compensation benefits as a result of the physician’s repeated statement that he could not say what the extent of the employee’s disability was until he removed the pin from the employee’s hip. The employee contends that the failure to be told what the extent of his disability was until about a year and a half after the last payment for temporary total disability caused him to delay filing his complaint, and, as a result, the employer should be estopped from relying on the defense of the statute of limitations.
Section 25-5-80, Code of Alabama 1975, provides that:
In case of a personal injury, all claims for compensation under this article and article 2 of this chapter shall be forever barred unless within one year after the accident the parties shall have agreed upon the compensation payable under this article and article 2 of this chapter or unless within one year after the accident one of the parties shall have filed a verified complaint as provided in section 25-5-88. . . . Where, however, payments of compensation have been made in any case, said limitations shall not take effect until the expiration of one year from the time of making the last payment.
The last payment made to the employee by the employer for temporary total disability occurred on August 5, 1975. The employee filed his complaint seeking compensation benefits for permanent partial disability on March 7, 1977. The complaint, as can be seen, was filed approximately nineteen months after the last compensation payment. Section 25-5-80 will apply unless it is tolled for a legitimate reason.
In Dorsey v. United States Pipe & Foundry Co., Ala.Civ.App., 353 So.2d 797, rev’d, Ala., 353 So.2d 800 (1977), the supreme court said:
We hold, therefore, that when acts are done by the employer which lead the employee to believe that liability under the statute is admitted and will not be contested, or where the acts of the employer either falsely misrepresent to the employee or fraudulently conceal from him the truth of the facts upon which the liability of the employer depends, the running of the statute of limitations may be tolled, and it is immaterial whether the employee relies upon actual fraud or mere estop-pel.
Employee says in his brief that fraud is not an issue but that estoppel is present.
In Bank of Huntsville v. Witcher, Ala.Civ.App., 336 So.2d 1384 (1976), we defined estoppel as:
(1) [Knowledge of the facts by the party to be estopped; (2) intention by the party to be estopped that its conduct be acted upon, or such party acts so that the party asserting estoppel has a right to believe that the conduct is so intended; (3) ignorance by the party asserting estoppel of the true facts; and (4) injurious reliance by the party asserting estoppel on the conduct.
Furthermore, estoppel cannot exist where the knowledge of both parties is equal, and nothing is done by the one to mislead the other. Cosby v. Moore, 259 Ala. 41, 65 So.2d 178 (1953).
The present facts do not rise to es-toppel under any definition of that term.
The treating physician on several occasions and without variance told the employee that he could not ascertain the extent of the employee’s disability until the pin was removed from his hip. The employee testified that the doctor told him that he (the doctor) could not know the extent of disability until the pin was removed from the hip. The employee also said he knew from the time he went back to work that he would have some permanent disability but did not know how much. He further stated that the doctor did not tell him the percentage of his disability until the pin was removed.
Applying the above stated definitions for estoppel in Alabama to the facts of the instant case, it is readily apparent that the *1146 doctor was trying to be truthful with the employee about the employee’s condition and the extent of his disability. At no time was any statement made to the employee that misrepresented the employee’s condition, nor does it appear that the statement made by the doctor was intended to mislead the employee in any way. The doctor consistently stated that he would not be able to say what the extent of the employee’s disability would be until the pin was removed from the employee’s hip. Upon removal of the pin, the doctor informed the employee that his disability would be twenty-five percent. Furthermore, the employee stated that he knew from the time he was released from the hospital that he would have some disability but that he did not know how much. Accordingly, both parties had equal knowledge as to the extent of disability because neither party knew the extent of the employee’s disability. Furthermore, the employer, the party to be estopped, did not at any time take a position that was inconsistent with any other position. The position of the employer was the same at all times: I cannot say what the extent of the employee’s disability will be until the pin is removed from his hip. After a careful examination of the record in this case, we are convinced that there is no evidence to support a finding that the employer is estopped from asserting the statute of limitation of one year.
In addition to the conclusion that the definitional requirements of estoppel have not been met in this case, we hold that the trial court’s judgment must be reversed for the reason that an employee is not required to know the extent of his physical disability before he files his complaint, and, therefore, the lack of this knowledge does not toll the statute of limitation. See Pittman v. City Stores, Inc., 204 Tenn. 650, 325 S.W.2d 249 (1959); Stillwater Floral Co. v. Murray, 380 P.2d 694 (Okl.1962); Texas Employers’ Insurance Association v. Matejek, 381 S.W.2d 942 (Tex.Civ.App.1964); Texas Employers’ Insurance Association v. Allen, 519 S.W.2d 194 (Tex.Civ.App.1975).
This court has held that expert evidence on the extent of disability is not binding on the trier of fact, even if such evidence is uncontroverted. Carroll Construction Co. v. Hutcheson, Ala.Civ.App., 347 So.2d 527 (1977). We have also said that a court can find a percentage of disability without expert testimony. Stewart v. Busby, 51 Ala.App. 242, 284 So.2d 269 (1973). As a matter of fact, the trial court’s judgment that an employee is permanently, partially disabled must be based on a finding that the employee has lost some ability to earn, not that he is physically disabled to any degree. Webb Timber Co. v. Milton, Ala.Civ.App., 365 So.2d 101 (1978). Of course, physical disability is one of the factors that may be considered by the trial court in deciding whether an employee has lost his ability to perform his job, resulting in a loss of ability to earn a living. Stewart v. Busby, supra.
Applying these principles to the ease at bar, we conclude that the employee was not required to know the extent of his physical disability before filing his complaint for compensation benefits.
For the reasons above stated, the judgment of the trial court is reversed and the cause is remanded for proceedings not in-consistent with this opinion.
REVERSED AND REMANDED WITH DIRECTIONS.
WRIGHT, P. J., and HOLMES, J., concur.