BRADLEY, Judge.
This is a workmen’s compensation case.
Sarah Frances Issa filed an action against Dolphin Homes, a division of Tidwell Industries, Inc., on October 23,1980 seeking benefits under the workmen’s compensation laws of Alabama. After a trial on May 22, 1981, the trial court rendered a judgment on August 20, 1982 finding that plaintiff had suffered a thirty percent permanent partial disability to earn and awarded her benefits commensurate with such finding. Defendant appeals.
The facts show that plaintiff, a thirty-three year old woman, was employed by defendant on June 30, 1980. On this date Mrs. Issa was performing her job for the defendant as an installer of drapes in mo *103 bile homes. While carrying some valance boards down a short flight of stairs at the plant site, she tripped and fell. As a result of the fall, plaintiff injured her back and left ankle. She was hospitalized for several days and then released.
Plaintiff testified that she still has pain in her lower back, left hip, left leg and left ankle. She stated that she had not been bothered with back or left leg problems prior to her accident on the premises of defendant. She also said that she is unable to work because she cannot walk or stand for any length of time, nor can she lift anything heavy. The evidence shows that plaintiff has worked in the past in a textile mill operating a sewing machine; worked as a practical nurse; and worked in a mobile home manufacturing plant building partitions for mobile homes. She has no other job skills.
Although plaintiff testified that she had been involved in two automobile accidents, one in 1968 and another one in 1979, she had not suffered any back injury as a result of those accidents.
Subsequent to the trial of this matter but before the trial court rendered judgment, the attorneys introduced into evidence by stipulation the depositions of Dr. James B. Anderson and Dr. Keith Howard Langford. These depositions reveal that plaintiff was injured in an automobile accident in 1975 and was treated by these two doctors for injuries caused by this 1975 automobile accident. She suffered from a whiplash injury to the neck and acute lumbosacral sprain at the time of admission to the hospital. During the hospitalization she had a recurrence of thrombophlebitis in the left leg. Plaintiff suffered continuous pain in the low back radiating to one of the legs. She was referred to Dr. Langford in Birmingham. After an examination including myelogram, Dr. Langford concluded that she had a congenital defect in her back that was aggravated by the trauma to her back as a result of the automobile accident. The prognosis was that plaintiff might improve with time and completely lose all symptoms of pain, or she might require surgery to correct the problem in her back, and even then there was no guarantee that she would be pain-free.
Defendant argues that there is no substantial legal evidence to support the finding of the trial court that plaintiff suffered a thirty percent permanent partial disability as the result of her most recent accident. Defendant grounds its contention on the fact that the doctors who examined and treated plaintiff could not find any physical disability and released her to resume full-time employment.
The law is well settled in this jurisdiction that this court does not look to the weight of the evidence as to any fact found by the trial court but it does look to see if there is any evidence to support the facts found by the trial court. Stewart v. Busby, 51 Ala. App. 242, 284 So.2d 269 (1973). Moreover, we know of no requirement that “any evidence” must be interpreted to mean any “expert medical evidence.” Stewart v. Busby, supra. Furthermore, in workmen’s compensation cases the trier of fact is not bound by medical opinion testimony. Dale Motels, Inc. v. Crittenden, 50 Ala.App. 251, 278 So.2d 370 (Ala.Civ.App.1973).
The evidence shows that plaintiff was injured while in the employ of defendant, that she cannot walk or stand for any length of time because of pain, and that she is no longer able to do the kind of work she had been doing. We deem this evidence sufficient to uphold the findings of the trial court. Furthermore, the law does not require that there be evidence from a witness that the employee suffered a “permanent partial disability ... of thirty percent (30%) to the body as a whole,” in order to uphold a trial court’s findings as to disability to earn. The trial court must consider all the evidence, including its own observations, and interpret it according to its best judgment. Albertville Nursing Home v. Upton, 383 So.2d 544 (Ala.Civ.App.1980).
Defendant asserts that plaintiff denied having been involved in any accidents causing injury to her back other than in 1968 and 1979 when, as shown by the *104 depositions of two doctors who treated her, she had suffered injury to her back as a result of an automobile accident in 1975. Defendant argues that plaintiff’s denial of involvement in any accidents, other than the 1968 and 1979 accidents, resulted in the defendant being denied the opportunity to cross-examine the plaintiff regarding the injuries received in the 1975 accident and, therefore, the judgment should be reversed. We note, however, that upon discovery of the evidence of the 1975 accident defendant made no attempt to reopen the case so that the plaintiff could be cross-examined. Instead, the attorneys introduced the depositions of the treating physicians into evidence by stipulation. Furthermore, the appellate courts review the rulings of the trial court. The issue of denial of cross examination was not raised at the trial court level. Issues not raised in the trial court will not be reviewed by the appellate court. Hutchins v. Shepard, 370 So.2d 275 (Ala.1979); Blackmon v. R.L. Zeigler Co., 390 So.2d 628 (Ala.Civ.App.), cert. denied 390 So.2d 635 (Ala.1980). Technical problems with proof at a workmen’s compensation hearing are not reviewable by the appellate court if there is any legal evidence to support the judgment. Bolden v. M. Lowenstein & Sons, Inc., 392 So.2d 1207 (Ala.Civ. App.1981); Young v. City of Huntsville, 342 So.2d 918 (Ala.Civ.App.1976).
Whether plaintiff forgot the 1975 incident or confused the date of the accident with the 1968 or 1979 accident is of little consequence inasmuch as the trial court had these depositions before him when he made his decision. And, we must assume that he considered the two depositions along with all the other evidence in making his findings of fact. The doctors who treated plaintiff for the injuries received in the accident of 1975 said that she possibly could recover from the injuries and have no more pain. Plaintiff testified in 1981 that she did not have any back problems for the eight months she worked at Dolphin Homes prior to the accident. She had been doing physical labor during this time. Such testimony indicates that plaintiff had recovered from any injury she received in 1975.
As we noted above, the weight of the evidence is not before us; we are concerned only with the existence of any legal evidence to support the findings of fact. There is such evidence in the instant case and the trial court’s judgment is affirmed.
AFFIRMED.
WRIGHT, P.J., and HOLMES, J., concur.