RICHARD L. HOLMES, Retired Appellate Judge.
Alan Northam (employee) filed a complaint, seeking workers’ compensation benefits for an injury which he sustained on April 23, 1993, while in the course of his employment with Wrangler, Inc. (employer).
After a hearing the trial court issued an order, finding that the employee had sustained a permanent partial disability of 60% to the body as a whole and a 60% loss of ability to earn. The trial court awarded benefits for a period of 300 weeks.
The employer appeals.
We would note that the standard of review in this ease is governed by Whitsett v. BAMSI, Inc., 652 So.2d 287 (Ala.Civ.App.1994). This court will not reverse the judgment of the trial court in a workers’ compensation case if the trial court’s findings in the case are supported by substantial evidence. Ala. Code 1975, § 25-5-81(e)(2).
On appeal, the employer contends that the trial court’s findings that the employee sustained a permanent partial disability of 60% to the body as a whole and a 60% loss of ability to earn are manifestly contrary to the evidence as a whole.
Our review of the record reveals the following pertinent facts: The employee began working with the employer in May 1992 as a packer. On April 23, 1993, a buggy loaded with jeans rolled over the back of the employee’s left foot, striking him just above the ankle.
The employee initially sought medical treatment from Dr. Keith Morrow and was also referred to Dr. Lloyd Dyas, an orthopedic surgeon, for treatment. Dr. Dyas treated *854 the employee from June 30, 1993, through August 2,1993.
Dr. Dyas testified at the hearing by way of deposition. He testified that when he did not have anything else to offer the employee in the way of treatment, he recommended that the employee seek medical treatment elsewhere. Dr. Dyas also testified that he did not recall placing any restrictions on the employee at any time during the employee’s treatment. Additionally, Dr. Dyas stated that he eould not assign an impairment rating to the employee.
On August 16, 1993, Dr. David Ostrowski, an orthopedic surgeon, began treating the employee. Dr. Ostrowski testified at the hearing by deposition. He testified that he concluded that the employee was suffering from reflex sympathetic dystrophy and that he referred the employee to Dr. Unal Tutak for pain management.
Dr. Ostrowski further testified that he placed no restrictions on the employee and that he did not assign an impairment rating to the employee.
We would note that both Dr. Tutak and Dr. Daniel Doleys have treated the employee for pain management. At the hearing the employee attempted to introduce into evidence the medical records and bills for Drs. Ostrowski, Tutak, and Doleys. The employer objected to the introduction of these exhibits.
The trial court, in its order, sustained this objection and indicated that those records were not in evidence. The trial court declined to order the employer to pay the medical bills of Drs. Ostrowski, Tutak, and Do-leys.
The employee testified that he “missed quite a few days here and there” due to his injury. He also testified that August 10, 1993, was the last day he worked for the employer. Additionally, the employee testified that he also experiences pain in his hip and back as a result of the work-related injury and that he continues to have difficulty standing, walking, or lifting objects. During the course of his testimony, the employee stated that he remained unable to return to work for the employer.
The employee was 23 years of age at the time of the hearing. He had completed high school and had received a two-year associates degree in computer science from Northwest Community College before he began working for the employer.
At the time of the hearing, the employee was a full-time student at the University of Alabama. He testified that his major was computer science and that his tuition, books, and living expenses were being paid by the adult vocational rehabilitation service of the State Department of Education.
In the present case we do not find substantial evidence in the record to support the trial court’s findings that the employee sustained a 60% loss of ability to earn. In fact, we fail to find any evidence or reasonable inference from the evidence to support the percentage of the loss of ability to earn.
Consequently, we reverse the judgment of the trial court and remand the case to the trial court for further proceedings consistent with this opinion.
The foregoing opinion was prepared by Retired Appellate Judge RICHARD L. HOLMES while serving on active duty status as a judge of this court under the provisions of Ala.Code 1975, § 12-18-10(e).
REVERSED AND REMANDED WITH INSTRUCTIONS.
ROBERTSON, P.J., and YATES and CRAWLEY, JJ., concur.