BUTTS, Justice.
Alan Northam was employed by Wrangler, Inc., as a laborer. He was injured on the job when a cart rolled and hit his ankle. He sued for workers’ compensation; after an ore tenus proceeding, the trial court awarded Northam benefits for 300 weeks for a 60% injury to the body as a whole and a 60% permanent partial disability. Wrangler appealed to the Court of Civil Appeals, which reversed. Wrangler, Inc. v. Northam, 689 So.2d 853 (Ala.Civ.App.1996). We granted Northam’s petition for certiorari review to determine whether the Court of Civil Appeals applied the correct standard of review and, if so, whether it erred when it reversed the trial court’s finding of a permanent partial disability of 60% to the body as a whole and a 60% loss of ability to earn.
Northam’s injury occurred on April 23, 1993. Because the injury occurred after August 1, 1992, Northam’s case is governed by the Workers’ Compensation Act as amended by Ala. Acts No. 92-537. We recently wrote the following in Ex parte Trinity Industries, 680 So.2d 262 (Ala.1996), regarding workers’ compensation cases:
“The new Act provides [i.e., the Act as amended effective May 19, 1992] that ‘[i]n reviewing the standard of proof set forth herein and other legal issues, review by the Court of Civil Appeals shall be without a presumption of correctness.’ Ala.Code 1975, § 25-5-81(e)(l). It further provides that ‘[i]n reviewing pure findings of fact, *856 the finding of the circuit court shall not be reversed if that finding is supported by substantial evidence.’ Ala.Code 1975, § 25-5-81(e)(2).
“Although the new Act does not define ‘substantial evidence,’ this Court has defined that term as it is used in Ala.Code 1975, § 12 — 21—12(d), which was enacted before the new Workers’ Compensation Act and which pertains to ‘all civil actions brought in any court of the State of Alabama’; this Court has defined the term ‘substantial evidence,’ as it is used in § 12-21 — 12(d), to mean ‘evidence of such weight and quality that fair-minded persons in the exercise of impartial judgment can reasonably infer the existence of the fact sought to be proved.’ West v. Founders Life Assurance Co., 547 So.2d 870, 871 (Ala.1989). We need look no further for an adequate, applicable definition. See, also, Ala.Code 1975, § 6-5-542(5); and Clements v. Dr. John Alvan Stewart, P.C., 595 So.2d 858, 861 (Ala.1992) (quoted with approval in Campbell v. Williams, 638 So.2d 804 (Ala.), cert. denied, 513 U.S. 868, 115 S.Ct. 188, 130 L.Ed.2d 121 (1994)), wherein the Court stated that the difference between the definition of ‘substantial evidence’ as that term is used in § 6-5-542(5) and the definition of that term as it is used in § 12-21-12(d) is a ‘difference without a distinction.’ Therefore, under the applicable standard of review, we will not reverse the trial court’s finding of fact if that finding is supported by substantial evidence — if that finding is supported by ‘evidence of such weight and quality that fair-minded persons in the exercise of impartial judgment can reasonably infer the existence of the fact sought to be proved.’ West; § 12-21-12(d).”
Trinity Industries, 680 So.2d at 268-69.[1]
The Court of Civil Appeals stated that it could not reverse a judgment of the trial court in a workers’ compensation ease if the trial court’s findings were supported by substantial evidence. 689 So.2d at 854. The Court of Civil Appeals applied this standard and determined that Northam had failed to produce substantial evidence that he had received a 60% injury to the body as a whole and that he was 60% permanently partially disabled.
Substantial evidence is “evidence of such weight and quality that fair-minded persons in the exercise of impartial judgment can reasonably infer the existence of the fact sought to be proved.” West v. Founders Life Assurance Co., 547 So.2d 870, 871 (Ala.1989); Trinity Industries, at 268.
Northam was a 23-year-old employee who had attended high school and junior college. He was struck by a loaded cart of jeans just above the left ankle. His average weekly wage at the time of the injury was stipulated to be $364.76 and at the time of the accident he had worked for Wrangler for one year. Northam saw six doctors regarding his injury, none of whom assigned him an impairment rating. Dr. Keith Morrow, the first doctor to treat Northam, prescribed anti-inflammatoiy medication and placed the injured foot in a soft brace. Dr. Lloyd Dyas, the second doctor to treat Northam, put the foot in a more rigid brace and prescribed more medication after he determined there was damage to two ligaments in the foot or ankle. Dr. Dyas’s treatment could not relieve Northam’s pain, so he recommended that Northam see an orthopedic specialist, Dr. David Ostrowski. Dr. Ostrowski recommended nerve block treatments — spinal injections — to help with the injury. Northam testified that these would help for about one day to two and one-half days and that he had them done five times. Northam was seen by several other doctors; their diagnosis was reflex sympathetic dystrophy and their treatments consisted of several pain control methods.
Since the accident, Northam has had at least three surgical procedures. First, he had a tube surgically implanted in his back temporarily; the tube injected medicine into his back to control the pain in his hip, ankle, and back, all of which he testified was a result of the injury. He then had an elec *857 trode placed in his back for the same purpose. Finally, he had a tube permanently placed in his back to inject medicine into his system. All of these surgeries were performed by Dr. Unal Tutak.
Northam stated that he had not been able to permanently return to work and that he continued to have problems with walking, standing, and lifting. He also testified that as of the trial date he continued to have pain in his ankle, hip, and back. He also said he continued to have numbness and hot and cold flashes, which the evidence suggested are symptomatic of reflex sympathetic dystrophy.
Northam had received no workers’ compensation benefits at the time of the hearing and had not been compensated for the expense of driving 6,000 miles back and forth to visit the various doctors. At the time of the hearing, Northam was a full-time student at the University of Alabama and was majoring in computer science. His tuition, books, and living expenses were being paid for by the adult vocational rehabilitation service of the State Department of Education.
The record contains no evidence indicating an impairment rating from the doctors who treated Northam. The doctors did not remove Northam from work, even though before he left Wrangler’s employ he had missed many days because of the injury. However, while medical testimony as to an employee’s degree of impairment is probative, as is the testimony of a vocational expert, it is well settled that neither is required in order for the trial court to determine an employee’s degree of impairment. See Stewart v. Busby, 51 Ala.App. 242, 284 So.2d 269 (1973), and Bankhead Forest Industries, Inc. v. Lovett, 423 So.2d 899 (Ala.Civ.App.1982). Thus, the lack of such testimony in this case does not conclusively mean that the trial court erred in assigning Northam a 60% permanent partial disability.
We conclude that the evidence presented in this case is of such weight and quality that fair minded persons in the exercise of impartial judgment could conclude that Alan Northam was 60% permanently and partially disabled as a result of his on-the-job injury. Therefore, it was error for the Court of Civil Appeals to reverse the findings of the trial court. We reverse the judgment of the Court of Civil Appeals and remand for that court to reinstate the findings and judgment of the trial court.
REVERSED AND REMANDED.
SHORES, KENNEDY, and INGRAM, JJ., concur.
COOK, J., concurs specially.
HOOPER, C.J., and MADDOX and HOUSTON, JJ., dissent.

. We note that the Court of Civil Appeals issued its decision before We decided Trinity Industries; however, the standard of review regarding substantial evidence is contained in § 25-5-81 and, thus, did not originate with Trinity Industries.