I agree with the Court of Civil Appeals. That court, properly applying Ala. Code 1975, § 25-5-81, held that there was no substantial evidence in the record to support the trial court's finding that Northam had sustained a 60% loss of disability to earn. Ex parte Trinity Industries Inc., 680 So.2d 262
(Ala. 1996), was a nonaccidental injury case; it has no bearing on this accidental injury case, except as it relates to the standard of review. The standard of review applied by the Court of Civil Appeals is consistent with Trinity Industries. Even though the Court of Civil Appeals noted that the standard of review in this case was governed by Whitsett v. BAMSI, Inc.,652 So.2d 287 (Ala.Civ.App. 1994), which this Court overruled in Trinity to the extent that the standard of review set out therein was inconsistent with the standard of review set out in Trinity Industries, the Court of Civil Appeals correctly set out the standard in a statement that is consistent with §25-5-81 and with Trinity Industries: "This court will not reverse the judgment of the trial court in a workers' compensation case if the trial courts' findings in the case are supported by substantial evidence." Wrangler, Inc. v. Northam,689 So.2d 853, 853 (Ala.Civ.App. 1996).
Like the Court of Civil Appeals, I find no substantial evidence "evidence of such weight and quality that fair-minded persons in the exercise of impartial judgment can reasonably infer the existence of the fact sought to be proved." West v.Founders Life Assurance Co., 547 So.2d 870, 871 (Ala. 1989);Trinity Industries, 680 So.2d at 268. The fact "sought to be proved" was a 60% loss of ability to earn.
Beyond that, I think that Ala. Code 1975, § 25-5-57(a)(3)a.14. and .30. govern the worker's compensation benefits that could be awarded for Northam's injury.