24 So.2d 443

**BELL v. TENNESSEE COAL, IRON & R. CO.**

6 Div. 373.

Supreme Court of Alabama.

Nov. 23, 1945.

Rehearing Denied Jan. 31, 1946.

Benners, Burr, Stokely & McKamy, of Birmingham, and Ross, Ross & Ross, of Bessemer, for appellee.

Lipscomb & Lipscomb and W. E. Brobston, all of Bessemer, for appellant.

FOSTER, Justice.

This is a suit based on a claim for compensation under the Workmen's Compensa-

tion Act. Plaintiff was denied compensation by the trial court upon a finding of facts and conclusion of law, and the plaintiff has brought certiorari to review that judgment.

The plaintiff claimed that he received the injury to his foot from wearing a work shoe that he had bought from defendant's commissary the preceding day. He claimed that the shoe had a tack in it, and that he wore it at work for defendant, and that without taking off his shoe he continued his work until the conclusion of the shift, and when he first took it off he found the tack had penetrated the ball of his right foot. He claims that soon afterwards severe pains developed in the foot, that it became infected and was later amputated.

The contention of defendant was that the infection of his foot was due to diabetes and was not occasioned by any injury he received arising out of and in the course of his employment.

It developed on the trial that the plaintiff had insurance against nonoccupational injury and sickness, and that a claim was filed on his behalf for said insurance and he received the amount due him under the policy. The conclusion of the court was that while the evidence was in sharp conflict on the issue of whether or not the loss of plaintiff's foot was the result of an injury or the result of a diseased condition caused by diabetes, a decision could reasonably have been reached in favor of plaintiff, but for the evidence that plaintiff took a different position with respect to his insurance company and received benefits under his insurance which would not be available to him if his injury was compensable under the Workmen's Compensation Law.

■ The court found therefore against the plaintiff upon the question of whether his disability was the result of an injury but rather of a nonoccupational disease. Upon reaching that conclusion, we do not understand that the trial court was governed by any principle of estoppel with respect to the benefits received from the insurance policy, but rather that such an incident is in the nature of an admission on the part of plaintiff which bore heavily against him in weighing the conflict in the evidence. That being the situation, it is not our province on such a review to hold that the court reached an erroneous conclusion if there is any substantial evidence from which it could be reasonably reached. We look to the evidence only for the purpose of determining whether or not there was such evidence which justified the conclusion reached. There is no denial by the appellant that there was substantial evidence that the loss of his foot was due to natural causes occasioned by diabetes, and not to any injury. We do not find that the court erred in respect to any legal principle in weighing the evidence, and particularly that part of it with respect to his insurance benefits. Upon well-settled principles, therefore, the conclusion reached by the trial court as to the facts should not be upset by us. Ex parte Louisville & Nashville R. Co., 208 Ala. 216, 94 So. 289.

■ Infection resulting from a tack injury to his foot must not only have been the cause of the amputation, but it must also have been *an accident arising out of and in the course of his employment.* Section 270, Title 26, Code of 1940.

■ It is well settled that an accident may occur in the course of his employment without arising out of it. In order to be compensable the accident must have the two concurring incidents. American Fuel & Clay Products Co. v. Gilbert, 221 Ala. 44, 127 So. 540; Gulf States Steel Co. v. Christison, 228 Ala. 622, 154 So. 566; Ex parte Louisville & Nashville R. Co., supra; 1 Honnold on Workmen's Compensation 409.

We are not here concerned with the question of whether the tack injury arose out of his employment under the circumstances shown, since the court found that no tack injury occurred. But see Connelly v. Hunt Furniture Co., 240 N.Y. 83, 147 N.E. 366, 39 A.L.R. 867; Texas Employers' Ins. Ass'n v. Mitchell, Tex.Civ.App., 27 S.W.2d 600; McCauley v. Imperial Woolen Co., 261 Pa. 312, 104 A. 617, 622 [23]; White v. Sheepwash, 3 B.W.C.C. 382; 1 Honnold Workmen's Compensation 419.

We rest our affirmance upon the principle which applies to such a finding.

Affirmed.

GARDNER, C. J., and THOMAS and LAWSON, JJ., concur.

On Rehearing

PER CURIAM.

Application overruled.

GARDNER, C. J., and FOSTER, LAWSON and STAKELY, JJ., concur.