This is a workmen's compensation case. After ore tenus
hearing, the trial court made an award to the employee. The learned trial judge specifically found that the employee had suffered a 30% permanent partial disability under Tit. 26, § 279 (c)(6), Code of Ala. 1940, and made awards pursuant thereto. The employer appeals from such award.
Tendencies of the evidence indicate the following: The employee was employed by appellant-employer. His job was to install metal sides on trailers. He later supervised others in this work and also performed the work himself. He is twenty-two years old, married, and has a tenth grade education. Basically, all of his employment has been as a manual laborer. While at work, a forklift ran over his right foot resulting in fractures of five of the metatarsal bones of the foot. He was hospitalized for approximately two weeks and was in a cast for about forty-five days.
The medical testimony gave the employee a 30% disability of the right foot and 5% disability to the body as a whole. Additionally, there was expert medical testimony indicating there was no disability.
Able counsel for the employer, who has favored this court with an excellent brief, argues primarily that the employee should *Page 1369 
be limited to a recovery as provided for in Tit. 26, § 279 (c)(1), Code of Ala. 1940. Put another way, that the injury is to a specific member of the body and not to the body as a whole, as provided by Tit. 26, § 279 (c)(6).
 We initially note, as we did in Stewart v. Busby, 51 Ala. App. 242, 284 So.2d 269:
 "The law in Alabama is well established that on certiorari to review judgments in workmen's compensation cases, this court does not look to the weight of the evidence as to any fact found by the trial court, but looks to see if there is any evidence to support the facts found by the trial court. Tiger Motor Co. v. Winslett, 278 Ala. 108, 176 So.2d 39; Dale Motels, Inc. v. Crittenden, 50 Ala. App. 251, 278 So.2d 370. Stated another way in Alabama Textile Products Corp. v. Grantham, 263 Ala. 179, 183, 82 So.2d 204, 207, the supreme court said:
 "`Workmen's compensation cases are not triable de novo in this court on the evidence taken below nor reviewed even as the finding of a judge sitting without a jury, as in ordinary trials at law or in equity upon testimony of witnesses examined before the court. Our duty in this type case is simply to ascertain whether there was any legal evidence to sustain the conclusion of the trial court. If any reasonable view of the evidence supports such conclusion, then the judgment will not be disturbed. (Citations omitted)'
 "See also Brunson Milling Co. v. Grimes, 267 Ala. 395, 103 So.2d 315." (51 Ala. App. at 245, 284 So.2d at 272)
The problem of injury and award therefor to a specific member of the body under Tit. 26, § 279 (c)(1), Code of Ala. 1940, versus an injury and award to the body as a whole pursuant to § 279 (c)(6) has been discussed by the appellate courts of this state on numerous occasions. See Bell v. Driskill, 282 Ala. 640, 213 So.2d 806; Dale Motels, Inc. v. Crittenden,50 Ala. App. 251, 278 So.2d 370; Unexcelled Mfg. Corp. v. Ragland,52 Ala. App. 57, 289 So.2d 626. Suffice it to say that our courts have held that even though the injury is to a scheduled member, if the effects of such injury extend to other parts of the body, and produce a greater or more prolonged incapacity than that which naturally results from the specific injury, then the employee is not limited in his recovery to the amount allowed for the member in the schedule.
Keeping the above in mind, we find the following testimony regarding the employee's injury. He was injured in June of 1974. Several bones in the foot were broken. He was hospitalized. At the time of the hearing in January of 1975, he could stand on his feet for approximately three hours; thereafter, his foot would begin to swell. There was testimony that the pain from standing extended from his foot to the approximate area of the knee. Additionally, the foot has a discoloration and is sensitive to the touch. One witness testified that since the injury he had observed the employee's foot and that the foot and ankle were swollen. This witness further testified that the employee complained of pain in his leg. The testimony of the employee's father was similar to the above.
The employee and his wife both testified that he experiences pain in his leg and foot; further, that his foot would swell and he could not stand for long periods of time nor did he sleep well.
After hearing the above testimony, the trial court specifically in his findings stated the following:
 "The plaintiff received immediate medical attention and has been examined and treated by several physicians. The Court has heard testimony of lay witnesses who have observed the plaintiff's foot subsequent to the injury and in open court the undersigned has observed the foot, ankle and leg of the plaintiff. The plaintiff has testified concerning his injury, the immediate and subsequent pain and discomfort experienced as a result of the injury. There has been a significant amount of swelling of the injured foot and the evidence and testimony heard by the Court are consistent with the plaintiff's injury. . . ." *Page 1370 
As seen from the above that while the evidence is perhaps not overwhelming that the injury extended beyond the foot, there is evidence that it does so extend beyond a mere injury to the foot and affected parts of his body. We find that the instant appeal falls within the criteria as stated by the supreme court. We further find that this case is specifically not substantially distinguishable from Dale Motels, Inc. v.Crittenden, supra, and is distinguishable from Leach Mfg. Co.v. Puckett, 284 Ala. 209, 224 So.2d 242.
We note at this point that while the court's finding is not precisely that of the medical experts, it does not have to be. As our supreme court in Kroger v. Millsap, 280 Ala. 531,196 So.2d 380, stated, the testimony of experts is not conclusive on the trial court even though such testimony be uncontradicted. We find no error in the finding of 30% disability. See also Henderson v. Johnson, 49 Ala. App. 191,269 So.2d 905; and Stewart v. Busby, supra.
Finally, distinguished and experienced counsel for the employer contends that we must reverse in that the employee drew unemployment compensation while his workmen's compensation case was pending.
Title 26, Section 214, Subsection I, does provide that an individual shall be disqualified for total or partial unemployment compensation for any week with respect to which or a part of which he has received or is seeking compensation for temporary disability under any workmen's compensation law.
While there is testimony that the employee drew unemployment compensation benefits during the pendency of this case, we frankly cannot see that this would require or even allow this court to reverse the case. We make no determination that the employee wrongfully received unemployment compensation benefits. However, if such be the case, the Department of Industrial Relations of the State of Alabama is the appropriate state agency to rectify such action. Such action does not preclude an award of workmen's compensation. We note that no authority is cited to us that such a preclusion exists.
The case is due to be and is affirmed.
AFFIRMED.
WRIGHT, P.J., and BRADLEY, J., concur.