HOLMES, Judge.
This is a workmen’s compensation case. From a judgment in favor of the employee the employer appeals.
The dispositive issue in this case is whether the trial judge erred in finding the employee suffered a “75% permanent disability to the body as a whole, resulting in a corresponding loss in his earning capacity of 75%.”
We find the trial court did not err and affirm.
The pertinent facts necessary to a determination of the case are as follows:
The employee is a high school graduate with no particular special training. Prior to his injury, the employee had held three jobs including the job with the appellant-employer. It is unnecessary to describe each job held by the employee; suffice it to say that he performed manual labor, requiring lifting and other necessary activities associated with manual labor.
*364 While loading a truck in the course of his employment, the employee fell and injured his back. He was taken to the hospital. Thereafter, he was treated by a local doctor. This physician referred the employee to a Dr. Semon, who hospitalized the employee. The employee was thereafter treated by Dr. Semon for some months. Employee next was seen by a Dr. Cope, who also hospitalized the employee. Thereafter, he returned to the care of Dr. Semon who, after several weeks, under one view of the evidence, recommended that the employee see Dr. Neely. Dr. Neely was treating the employee at the time of trial.
The record shows that with the exception of a short period of time the employee has not worked since late 1973, the time of the accident, until the case was tried in early 1976.
Specifically, the employee testified that his back hurts whenever he does lifting or stooping. The following colloquy between counsel for the employer and the employee best summarizes the employee’s testimony regarding his back condition:
“Q. You have stated that you can drive an automobile. What other things are you able to do?
“A. Well, not nothing too much. To be honest and tell the truth about it. I mean, I am just having problems with my back, and I ain’t never had this kind of problem before.”
The employee’s wife testified that the husband-employee was a good worker and since the injury he can do very little. Additionally, she testified he complains of pain in his back.
There is medical testimony of four doctors contained in the record.
The pertinent testimony of Dr. Cope concerning the result of the myelogram performed on the employee was, “The impression is negative lumbar myelogram.” Dr. Cope further testified that his impression on admission of the employee was lumbar strain or contusion and that there was no evidence of ruptured or herniated disc. He found no neurosurgical abnormality.
Dr. Semon’s pertinent testimony also found no evidence of a ruptured disc from a myelographic study. This physician further testified he was unable to substantiate the employee’s protracted complaints of pain and that the employee should return to normal activity. Additionally, Dr. Semon testified regarding the employee as follows:
“Q. Doctor, what you term ‘anxiety neurosis’, what you felt about the patient on May 20th of 1974, what is that, please?
“A. I felt that the patient had become overly concerned about himself and that he had developed anxiety over the situation, and that it was manifesting itself in terms of physical complaints, and I felt that was probably the underlying basis of his complaints, physical complaints.
“Q. Well, doctor, when you say the patient had anxiety neurosis, or what you classify as anxiety neurosis, isn’t the resulting disability the same as if it were a physical impairment that was causing the disability?
“A. It can be disabling. Anxiety neurosis can be a disabling thing. I thought that it would have been a good idea for us to have had him evaluated and had him treated, which I never did get to the point of doing.
“Q. You didn’t answer my — . Was this anxiety neurosis he was suffering from a disabling illness, or condition at the time you last saw him?
“A. Well, his ability to function was certainly impaired, and it was not on an organic basis, or based on organic injury. It was an emotional response to the injury being the ultimate problem preventing rehabilitation.”
Dr. Harris, a third physician, testified in much the same vein as Dr. Semon.
Dr. Neely, the fourth Physician, whose qualifications were admitted by counsel for the employer, testified he was treating the employee at the time of the trial. Dr. Neely, as Dr. Semon, testified in great detail regarding his findings and conclusion. The following are pertinent portions that best illustrate Dr. Neely’s findings and conclusion.
*365 “To put it shortly, that’s just about the story since then, until now. If this man over exerts, does anything that’s strenuous or any kind of heavy lifting, or a whole lot of bending and stooping, we get the pain, the numbness, deadness, right back just like it was. Long as he more or less sits around and don’t do anything, he gets along pretty well.
“Q. Doctor, have you formed any diagnosis as of this day of what condition Mr. Davis has, in your opinion?
“A. I still think he’s got a slipped disc, or a herniated disc, or however you want to put it, despite the myelogram. I wish now, in retrospect — .
“Q. All right, sir. Doctor, based on your, the history given to you by Mr. Davis, based on the examination that you have conducted and the findings you have found, do you have an opinion whether or not between May 20, 1974 and February 23, 1976, Mr. Davis was disabled from performing work that involved lifting, bending, stooping, things of that nature?
“A. Between the dates that I saw him?
“Q. Yes, sir.
“A. Yes, sir. I certainly do.
“Q. And what was that opinion?
“A. That he was not able to do it.
“Q. And would you say he is totally disabled, or he was totally disabled during that period?
“A. Yes, sir.
“Q. And do you have any opinion whether or not as of this date he is still totally disabled?
“A. From performing this kind of work? Yes.”
With the above in mind, the trial court found that the employee suffered severe injuries to his back in “that the ligaments and other internal parts of his back were sprained or strained and he sustained a disc injury.”
The trial court further found:
“The Plaintiff has only a high school education and is not trained for any type work except manual labor. The only work experience the Plaintiff has had is in employments he cannot now engage in because of his injuries as above set out. The Plaintiff cannot now engage in work requiring physical exertion and strength, nor can he engage in work which is of the type classified as ‘manual labor’. He further cannot engage in work requiring heavy lifting or standing for long periods of time. The Court finds that the said injuries the Plaintiff sustained on November 17, 1973, caused the Plaintiff to sustain a seventy-five percent permanent disability to his body as a whole, resulting in a corresponding loss in his earning capacity of seventy-five percent.”
While able and distinguished counsel has argued several interrelated issues, the dis-positive issue on appeal, as noted earlier, is whether the trial court’s finding of permanent partial disability is supported by the evidence.
The criteria for review has been often stated by the Supreme Court of Alabama and this court. This criteria for review clearly requires affirmance of the trial court’s decree. As this court stated in B. F. Goodrich v. Martin, 47 Ala.App. 244, 250, 253 So.2d 37, 43, cert. denied 287 Ala. 726, 253 So.2d 45:
“Our review by certiorari does not perform the functions of an appeal. The weight or preponderance of the evidence or whether the finding of fact by the trial court is proper is not before us on review by certiorari. We must accept such finding if it is supported by any legal evidence. . . . ”
See also Legg v. Americodl Compressor Company, Ala.Civ.App., 336 So.2d 1121, a case decided in favor of the employer, wherein B. F. Goodrich, supra, is quoted.
To this court, there is ample evidence to support the trial court’s finding of disability. Specifically, we have the testimony of the employee, his wife, and Dr. Neely. A summary of the pertinent parts of their testimony shows the employee to be an unskilled workman, with somewhat limited education, whose only employment re *366 quired physical exertion. He can not now, by his testimony, his wife’s, and a doctor’s testimony, perform that physical labor or exertion. See Edwards v. City of Huntsville, 49 Ala.App. 498, 273 So.2d 475. On review by certiorari, it is immaterial, in this instance, that three doctors’ testimony may be to the contrary. This court does not weigh the evidence. Goodrich v. Martin, supra.
This court would be remiss in not commenting that there is testimony to support an award of total disability; and therefore, the award of permanent partial disability that we have in this instance is clearly supported by the evidence. See B. F. Goodrich Company v. Butler, 56 Ala.App. 635, 324 So.2d 776.
In addition to the above, which we deem dispositive of the appeal, distinguished counsel for the employer contends that since the employee is receiving social security benefits he should not receive workmen’s compensation or should only partially receive workmen’s compensation benefits. Prom a close examination of the record, it appears that this was not an issue when the matter was tried in the circuit court.
Specifically, the trial court informed the parties prior to the taking of testimony that “the only question for the court to determine is the extent, if any, of the plaintiff’s permanent disability.” The payment of social security benefits arose during cross examination of a witness by the employer and nothing was presented to the trial court for a determination regarding such benefits. An argument now urging reversal for that reason comes too late. This court does not review a case on a theory different from that on which it was tried below. Bailey v. City of Mobile, 292 Ala. 436, 296 So.2d 149. Rule 15(b) ARCP has no application to this case.
Furthermore, it is not readily apparent from the record that the employee is receiving social security benefits for the same injury for which he is claiming workmen’s compensation benefits. However, even if that be the case, we find no such prohibition in the workmen’s compensation law of Alabama and none is cited to us. We would note this court’s decision in Richardson Homes Corp. v. Shelton, Ala.Civ. App., 336 So.2d 1367, wherein we found that the receipt of unemployment compensation did not prohibit the receipt of workmen’s compensation benefits.
All issues having been properly considered, the case is due to be and is affirmed.
AFFIRMED.
WRIGHT, P. J., and BRADLEY, J., concur.