This is a workmen's compensation case.
Appellee, Jones, sought compensation under the Alabama Workmen's Compensation Act for permanent and total disability as well as medical expenses incurred as a result of a job-related back injury. After a trial was held, judgment was rendered in favor of Jones. Thereafter, appellant, Florence Enameling Company, filed a petition for writ of certiorari with this court seeking a review of that judgment.
The first issue for our review concerns the assertion by Florence Enameling Company that the trial court failed to make a finding of fact in regard to whether Jones suffered a permanent partial loss of ability to earn. Florence Enameling Company contends that the language in the trial court's judgment which concluded that Melvin Jones suffered "an 80 percent impairment of earning capacity" constituted a reversible error. Brooks v. Crimson Homes, Inc., 51 Ala. App. 252, 284 So.2d 279 (1973) (reversing a circuit court for its failure to find in its judgment "a permanent partial loss of ability to earn"). We disagree.
Our cases have held that a finding of a decreased ability to earn as a result of a compensable injury is required in order to affirm the trial court's judgment in a workmen's compensation case. Brooks v. Crimson Homes, Inc., supra; B.F.Goodrich Co. v. Martin, 47 Ala. App. 244, 253 So.2d 37, cert.den., 287 Ala. 726, 253 So.2d 45, 46 (1971). In the instant case the trial court determined that Jones' ability to earn a living had been decreased by eighty percent as a result of his injury. Consequently, we do not believe that the trial court's failure to use the words "permanent partial" in the statement of its finding that Jones had suffered an eighty percent impairment of earning capacity necessitates reversal of the court's judgment. *Page 566 
This view is supported by a careful examination of the judgment of the trial court. The first paragraph of that judgment indicates that Jones suffered from "temporary total" disability for fifty-eight weeks. Accordingly, the court awarded Jones the sum of $1,167.86 in temporary total disability benefits. The second paragraph of the court's judgment concluded that Jones had incurred an eighty percent impairment of earning capacity because of the injury that he had suffered at the Florence Enameling Company plant. Since the court had already calculated the amount of money which represented compensation for temporary total disability, the language in the second paragraph clearly constituted an award for the "permanent partial" loss of Jones' ability to earn. Thus, under the facts of this case the finding of an "impairment of earning capacity" may be deemed the equivalent of a finding of a "permanent partial loss of ability to earn."
The next issue presented for our consideration involves Florence Enameling Company's claim that the determination by the trial court that Jones had suffered an eighty percent impairment of earning capacity was not supported by the evidence. Specifically, Florence Enameling Company contends that after his injury Jones was employed by the Tennessee Valley Authority as a grounds keeper and that in this capacity he earned wages in excess of the wages he received while in the employment of Florence Enameling Company.
Our supreme court in Goodyear Tire Rubber Co. v. Downey,266 Ala. 344, 96 So.2d 278 (1957), indicated that the acceptance or continuation of employment by an injured claimant does not prevent him from receiving disability benefits under the Alabama Workmen's Compensation Act. Nor does the fact that the claimant's post-injury earnings equal or exceed the wages he received before his accident preclude a finding of disability. Goodyear Tire Rubber Co. v. Downey, supra. While actual post-injury earnings will create a presumption of earning capacity commensurate with them, this presumption may be rebutted by (1) independent evidence which demonstrates incapacity or (2) evidence which tends to indicate that the post-injury earnings are an unreliable basis for estimating earning capacity. Goodyear Tire Rubber Co. v. Downey, supra.
In the present case Jones was employed by the Tennessee Valley Authority subsequent to his injury. And while employed by the TVA he earned an hourly wage equalling or exceeding the amount of money he earned prior to his injury. This evidence created a presumption that Jones' earning capacity was not impaired by his accident. However, at trial additional, independent evidence was introduced to show that Jones was incapacitated as a result of his injury. This latter evidence rebutted any presumption that Jones' post-injury earning capacity was commensurate with the wages he received before his accident. Indeed, the physician who treated Jones after his injury testified that Jones had incurred a sixty percent permanent partial impairment to his body as a whole. Another doctor who had knowledge of Jones' condition stated that the latter suffered a one hundred percent loss of earning capacity. And Jones said that he experienced pain in his back whenever he sat or stood for short periods of time. He further stated that he could not stoop or walk any distance without severe pain.
In addition to the independent evidence described above, there was also evidence which tended to indicate that the post-injury earnings which Jones received while he was employed by the TVA were an unreliable basis for estimating his earning capacity.
In Goodyear Tire Rubber Co. v. Downey, supra, the supreme court stated that the unreliability of post-injury earnings could be the result of a number of factors, including: an increase in general wage levels since the time of the claimant's accident; claimant's own greater maturity; receipt of additional training by claimant; longer hours worked by claimant after the accident; payment of wages disproportionate to the claimant's ability to perform work-related *Page 567 
tasks because of sympathy for the claimant; and the temporary and unpredictable character of post-injury earnings received by the claimant.
In the instant case there was evidence presented at trial from which it could have been reasonably concluded by the trial court that Jones had obtained employment with the TVA because of the latter's sympathy for his financial plight. Moreover, testimony indicated that Jones' post-injury earnings from his job with the TVA were at best temporary and unpredictable.
Although there was some conflict in the testimony given at trial, Jones stated that he obtained the job as grounds keeper with the TVA as a result of the financial difficulties suffered by his family after he injured his back. His testified further that he was incapable of performing the more strenuous tasks which that job required and that the TVA refused to employ him on a permanent basis because of his back injury.
In view of the fact that Jones presented independent evidence which demonstrated his incapacity, as well as evidence which tended to indicate that his post-injury earnings were an unreliable basis for estimating his earning capacity, we must reject Florence Enameling Company's contention that Jones' ability to earn a living was not impaired by his injury.
Furthermore, we do not find that there was insufficient evidence to support the trial court's determination that Jones had suffered an eighty percent impairment of earning capacity. The rule is well established that on certiorari to review workmen's compensation cases, we will not undertake an examination of the weight or preponderance of the evidence presented to the trial court. Instead, we will look to see if there is any evidence to support the facts found by the trial court. Unexcelled Manufacturing Corp. v. Ragland, 52 Ala. App. 57, 289 So.2d 626 (1974). In the present case there was evidence to support the trial court's findings with regard to the disability issue. Consequently, the findings of that court are conclusive and will not be disturbed on appeal. UnexcelledManufacturing Corp. v. Ragland, supra.
The final issue for our determination concerns Florence Enameling Company's claim that the receipt of unemployment compensation by Jones precluded him from receiving temporary total disability benefits for the same period of time. We said in Richardson Homes Corp. v. Shelton, Ala. Civ.App.,336 So.2d 1367 (1976) that the receipt of unemployment compensation does not prohibit the receipt of workmen's compensation benefits. There is a provision in the unemployment compensation law disqualifying a person from receiving unemployment compensation if he is receiving workmen's compensation benefits. Title 25, chapter 4, section 78 (9), Code of Alabama 1975. Allied PaperIncorporated v. Davis, Ala.Civ.App., 342 So.2d 363 (1977). However, there is no provision in the workmen's compensation law [such as that found in section 78 (9)] disqualifying an employee from receiving workmen's compensation benefits if he is also receiving unemployment compensation. Accordingly, we do not find that Jones is disqualified from receiving workmen's compensation benefits.
No reversible error having been successfully argued, the judgment of the trial court is affirmed.
AFFIRMED.
WRIGHT, P.J., and HOLMES, J., concur.