PER CURIAM.
White Tiger Graphics, Inc. (“White Tiger”), appeals from a judgment awarding Paul Clemons benefits for a permanent total disability under the Alabama Workers’ Compensation Act, § 25-5-1 et seq., Ala. Code 1975 (“the Act”). We affirm.
White Tiger operates a printing business, and Clemons worked for White Tiger, operating a folder machine. In November 2008, Clemons sued White Tiger, seeking workers’ compensation benefits. Clemons’s complaint alleged that he had injured his left knee in a work-related accident in February 2007 and that he had injured his right shoulder in a work-related accident in March 2008. White Tiger filed an answer asserting the affirmative defense of estoppel. Clemons amended his complaint to allege that he had also injured his right shoulder in a work-related accident in March 2009. White Tiger did not file an answer to the amended complaint. The trial court held a trial in October 2010. At trial, Clemons testified that White Tiger had terminated his employment in late 2009 and that he was receiving unemployment-compensation benefits from the State Department of In *910 dustrial Relations (“DIR”). In November 2010, the trial court entered a judgment awarding Clemons permanent-total-disability benefits for his work-related injuries. Following the denial of its postjudgment motion, White Tiger appealed to this court.
Section 25-5-81 (e), Ala.Code 1975, provides the standard of review in workers’ compensation cases:
“(1) In reviewing the standard of proof set forth herein and other legal issues, review by the Court of Civil Appeals shall be without a presumption of correctness.
“(2) In reviewing pure findings of fact, the finding of the circuit court shall not be reversed if that finding is supported by substantial evidence.”
Substantial evidence is “ ‘evidence of such weight and quality that fair-minded persons in the exercise of impartial judgment can reasonably infer the existence of the fact sought to be proved.’ ” Ex parte Trinity Indus., Inc., 680 So.2d 262, 268 (Ala.1996) (quoting West v. Founders Life Assurance Co. of Florida, 547 So.2d 870, 871 (Ala.1989)).
On appeal, White Tiger first argues that Clemons is judicially estopped from receiving permanent-total-disability benefits because he received unemployment-compensation benefits for the same period. Before addressing the substance of that argument, we first address Clemons’s argument that White Tiger waived its judicial-estoppel defense by failing to assert it in an answer to Clemons’s amended complaint. Estoppel is an affirmative defense that should be pleaded, and failure to plead the defense typically constitutes a waiver. See Ex parte Luverne Geriatric Ctr., Inc., 480 So.2d 562, 568 (Ala.1985). As noted, White Tiger asserted estoppel in its answer to Clemons’s original complaint, which alleged that Clemons had injured his left knee and right shoulder in accidents on certain dates. White Tiger did not file an answer to the amended complaint, which alleged that Clemons had also injured his right shoulder on a separate date from the date alleged in the original complaint.
Assuming, without deciding, that White Tiger was required to reassert its estoppel defense in an answer to the amended complaint, White Tiger did not waive that defense because it was tried by the consent of the parties. Rule 15(b), Ala. R. Civ. P., provides, in pertinent part: “When issues not raised by the pleadings are tried by express or implied consent of the parties, they shall be treated in all respects as if they had been raised in the pleadings.” At trial, counsel for White Tiger, without objection, asked Clemons questions directly relating to the judicial-estoppel defense. At the end of the trial, counsel for White Tiger stated that he had submitted to the trial court caselaw and statutes concerning estoppel, and the record on appeal contains those materials. The record also contains Clemons’s posttrial brief, in which he addresses the substantive issue of whether judicial estoppel should apply in this case. Thus, the judicial-estoppel issue was tried by the consent of the parties and is properly before us.
We now address the merits of White Tiger’s argument that Clemons is judicially estopped from receiving permanent-total-disability benefits because he received unemployment-compensation benefits for the same period.[1] Our supreme *911 court has discussed the requirements of judicial estoppel:
“ ‘In Ex parte First Alabama Bank, [883 So.2d 1236 (Ala.2003),] this Court “embrace[d] the factors set forth in New Hampshire v. Maine [, 532 U.S. 742, 121 S.Ct. 1808, 149 L.Ed.2d 968 (2001),] and join[ed] the mainstream of jurisprudence in dealing with the doctrine of judicial estoppel.” ’ Middleton v. Caterpillar Indus., Inc., 979 So.2d 53, 60 (Ala.2007) (quoting Ex parte First Alabama Bank, 883 So.2d at 1246). For judicial estop-pel to apply (1) ‘a party’s later position must be “clearly inconsistent” with its earlier position’; (2) the party must have been successful in the prior proceeding ‘so that judicial acceptance of an inconsistent position in a later proceeding would create “the perception that either the first or second court was misled” ’; and (3) ‘the party seeking to assert an inconsistent position would derive an unfair advantage or impose an unfair detriment on the opposing party if not es-topped.’ New Hampshire, 532 U.S. at 750-51 (citations omitted); see Middleton, 979 So.2d at 60-61; Ex parte First Alabama Bank, 883 So.2d at 1244-45. This Court has stated that ‘[t]he purpose of judicial estoppel is “ ‘to protect the integrity of the judicial process’ by ‘prohibiting parties from deliberately changing positions according to the exigencies of the moment.’ ” ’ Middleton, 979 So.2d at 59 (quoting New Hampshire, 532 U.S. at 749-50; other citation omitted).”
Hamm v. Norfolk Southern Ry. Co., 52 So.3d 484, 494 (Ala.2010).
Pursuant to § 25-4-77(a)(3), Ala. Code 1975, a recipient of unemployment-compensation benefits must be “physically and mentally able to perform work of a character which he is qualified to perform by past experience or training.” White Tiger argues that Clemons’s assertion to DIR that he was able to work for purposes of receiving unemployment-compensation benefits estopped Clemons from claiming that he is permanently and totally disabled in the present workers’ compensation case.
“‘Permanent total disability’ is defined in § 25-5-57(a)(4)d., Ala.Code 1975, to include ‘any physical injury or mental impairment resulting from an accident, which injury or impairment permanently and totally incapacitates the employee from working at and being retrained for gainful employment.’ Total disability does not mean absolute helplessness; rather, it means that the employee is not able to perform his or her trade and is unable to obtain other reasonably gainful employment.”
Dolgencorp, Inc. v. Hudson, 924 So.2d 727, 734 (Ala.Civ.App.2005). Judicial estoppel may apply to statements previously made in both judicial proceedings and quasi-judicial proceedings, see Selzer Auto., L.P. v. Cumberland Plastic Sys., LLC, 70 So.3d 272, 276 (Ala.2010), like unemployment-compensation proceedings before DIR. See Consolidated Stores, Inc. v. Gargis, 686 So.2d 268 (Ala.Civ.App.1996), overruled on other grounds, Bleier v. Wellington Sears Co., 757 So.2d 1163, 1171 (Ala.2000) (applying judicial estoppel in a retaliatory-discharge case based on an earlier statement made in a case before DIR).
*912 Professors Arthur Larson and Lex K. Larson have discussed whether a claim that one is willing and able to work is totally inconsistent with a subsequent claim that one is permanently and totally disabled for the same period:
“Several cases have appeared in which workers have applied for and received unemployment benefits on the strength of their representation that they were physically available for work, and later have applied for worker’s compensation benefits on the theory that they were totally disabled during the same period. At first glance the two positions may appear mutually exclusive; but the inconsistency disappears when the special meaning of disability in worker’s compensation is remembered, involving ... the possibility of some physical capacity for work which is thwarted by the inability to get a job for physical reasons.
“Thus, the injured claimant may honestly represent to the [unemployment-benefits] office that he or she is able to do some work, and with equal honesty tell the [trial court in a workers’ compensation case] later that he or she was totally disabled during the same period since, despite being capable of doing some kinds of work, no one would offer a job because of the claimant’s physical handicaps. Whether such a double recovery of benefits should be tolerated in view of the desirability of treating all segments of the social insurance pattern as a coordinated whole is another question; the point here is that the courts do not feel it to be their duty to rule out an otherwise proved case of disability because of this type of representation in an unemployment insurance application.”
4 Arthur Larson and Lex K. Larson, Larson’s Workers’ Compensation Law § 84.05 (2006) (footnote omitted).
We find the above-quoted analysis to be persuasive. In this case, Clemons testified that he “felt like [he] was able to work” at the time he received unemployment-compensation benefits. Clemons testified that he has tried to find work but has been unable to find any work that he can do. Clemons further testified that, if he could find a job, he would give it his “best shot.” Even if Clemons had found some work for which he was qualified and that he was willing and able to do, that would not necessarily preclude a finding of permanent and total disability. “ ‘An employe[e] who is so injured that he can perform no services other than those which are so limited in quality, dependability, or quantity that a reasonable stable market for them does not exist, may well be classified as totally disabled.’ ” Brunson Milling Co. v. Grimes, 267 Ala. 395, 400, 103 So.2d 315, 318 (1958) (quoting Lee v. Minneapolis Street Ry. Co., 230 Minn. 315, 320, 41 N.W.2d 433, 436 (1950)). Clemons’s assertion to DIR that he was willing and able to perform some work that he was qualified to do is not totally inconsistent with his claim to be permanently and totally disabled for workers’ compensation purposes. Thus, judicial es-toppel does not prohibit Clemons’s claim that he is permanently and totally disabled under the Act. We note that our decision today is in accord with the decisions of courts in several jurisdictions that have addressed similar cases. See Larson, § 84.05 at n. 3; Paschke v. Retool Indus., 445 Mich. 502, 519 N.W.2d 441 (1994); Wells v. Jones, 662 S.W.2d 849 (Ky.Ct.App.1983); and Utica Mut. Ins. Co. v. Pioda, 90 Ga.App. 593, 83 S.E.2d 627 (1954).
White Tiger also argues that the “doctrine of inconsistent positions” bars Clemons from claiming to be permanently and totally disabled. In making that argument, White Tiger cites Gargis, supra. In *913 Gargis, this court discussed the “doctrine of inconsistent positions” as it was explained by our supreme court in Porter v. Jolly, 564 So.2d 434 (Ala.1990), which was overruled by Ex parte First Alabama Bank, 883 So.2d 1236, 1242 (Ala.2003). In overruling Porter, the court in Ex parte First Alabama Bank clarified (1) that the “doctrine of inconsistent positions” as discussed in Porter was actually the doctrine of judicial estoppel, 883 So.2d at 1242-43, and (2) the elements of judicial estoppel, 883 So.2d at 1243-46, which we have recited above. See Hamm, supra. Thus, we understand White Tiger’s argument based on the “doctrine of inconsistent positions” essentially to be the same as its argument based on judicial estoppel, which we have already discussed.
White Tiger also briefly argues that the record does not contain substantial evidence supporting the trial court’s determination that Clemons is permanently and totally disabled. On this issue,
“[o]ur review is restricted to a determination of whether the trial court’s factual findings are supported by substantial evidence. Ala.Code 1975, § 25-5-81(e)(2). This statutorily mandated scope of review does not permit this court to reverse the trial court’s judgment based on a particular factual finding on the ground that substantial evidence supports a contrary factual finding; rather, it permits this court to reverse the trial court’s judgment only if its factual finding is not supported by substantial evidence. See Ex parte M & D Mech. Contractors, Inc., 725 So.2d 292 (Ala.1998). A trial court’s findings of fact on conflicting evidence are conclusive if they are supported by substantial evidence. Edwards v. Jesse Stutts, Inc., 655 So.2d 1012 (Ala.Civ.App.1995).”
Landers v. Lowe’s Home Ctrs., Inc., 14 So.3d 144, 151 (Ala.Civ.App.2007) (opinion on original submission).
As we noted earlier,
“‘[pjermanent total disability’ is defined in § 25-5-57(a)(4)d., Ala.Code 1975, to include ‘any physical injury or mental impairment resulting from an accident, which injury or impairment permanently and totally incapacitates the employee from working at and being retrained for gainful employment.’ Total disability does not mean absolute helplessness; rather, it means that the employee is not able to perform his or her trade and is unable to obtain other reasonably gainful employment.”
Dolgencorp, 924 So.2d at 734.
The record reveals the following relevant facts regarding whether Clemons is permanently and totally disabled under the Act. Clemons was 56 years old at the time of the trial. At trial, Clemons testified that he had completed the eighth grade and that later he had earned a general equivalency diploma. Clemons worked as a firefighter early in his working career before leaving that job due to a disability. After that job, Clemons worked for various printing companies, including White Tiger, running various machines. For less than a year, Clemons was self-employed in a lawn-maintenance business.
Clemons injured his right shoulder and left knee in accidents while working for White Tiger. Clemons testified that he experiences constant pain in his right shoulder. Clemons testified that using his knee causes it to hurt and requires him to lie down and apply heat to the knee. He stated that he cannot not bend, run, or crawl. Clemons testified that he is unable to place his right hand on the top part of a steering wheel because of the condition of his right shoulder. Clemons stated that, due to his pain, he needs to lie down more *914 than once “just about every day” for 30-60 minutes. He further testified that he takes Lortab and Lyrica, prescription pain medications, and that he takes Valium to help him sleep.
Clemons testified that he wants to work and has attempted to find work. Clemons stated, however, that he was unable to find any work that he would be able to do. John McKinney, a vocational-expert, evaluated Clemons. In its judgment, the trial court summarized McKinney’s conclusions regarding whether Clemons could be gainfully employed: “Considering [Clemons’s] advanced age, past work history, ... the vocational testing results, extended absence from the labor market, degree of pain, necessary and regular use of narcotic medication, along with other negative em-ployability factors, ‘there is no reasonable expectation that he could acquire, perform, or consistently maintain competitive employment.’ ” McKinney concluded that Clemons is 100% vocationally disabled. Eddie Rice, a vocational expert, examined Clemons on behalf of White Tiger, and Rice concluded that Clemons is 49% vocationally disabled. Mitchell Hamric, a physical therapist, performed a functional-capacities evaluation on Clemons and testified at trial. Hamric found that Clemons’s physical capacities for work were limited due to pain. Hamric recommended that Clemons not return to a full eight-hour workday due to his physical condition.
In its judgment, the trial court found Clemons “to be very credible,” that his “demeanor and obvious deep emotional distress [were] consistent with his claims of pain,” and that he “was in a great deal of pain even while testifying.” The trial court further found that, “based upon his age, education, work experience, ... physical infirmities, and other factors noted by John McKinney, [Clemons] is incapacitated from working at or being retrained for gainful employment.”
In arguing that there was not substantial evidence demonstrating that Clemons Was permanently and totally disabled, White Tiger emphasizes, without fully developing its argument, that Clemons claimed to be willing and able to work in seeking and receiving unemployment-compensation benefits and the existence of some evidence undermining Clemons’s evidence regarding his physical limitations. White Tiger basically asks us to reweigh the evidence in its favor. However, this court does not reweigh the evidence that was before the trial court as if we were the trier of fact. Ex parte Staggs, 825 So.2d 820, 822 (Ala.2001). Regarding factual issues, we examine only the record to see if it contains substantial evidence supporting the trial court’s findings. Landers; Bostrom Seating, Inc. v. Adderhold, 852 So.2d 784, 794 (Ala.Civ.App.2002) (“This court’s role is not to reweigh the evidence, but to affirm the judgment of the trial court if its findings are supported by substantial evidence and, if so, if the correct legal conclusions are drawn therefrom.”). In this case, clearly the trial court had before it substantial evidence, discussed above, supporting its finding that Clemons is permanently and totally disabled under the Act, ie., that he is unable to perform his trade or to obtain other reasonably gainful employment. Dolgencorp, supra.
Based on the foregoing, we affirm the judgment of the trial court awarding Clemons permanent-total-disability benefits. Clemons’s “motion to strike assertions not supported by evidence in the record” is denied.
AFFIRMED.
THOMPSON, P.J., and PITTMAN, BRYAN, and THOMAS, JJ., concur.
*915 MOORE, J., concurs in the rationale in part and concurs in the result, with writing.

. In Florence Enameling Co. v. Jones, 361 So.2d 564 (Ala.Civ.App.1978), this court stated that the receipt of unemployment-compensation benefits by a worker did not preclude the worker from receiving temporary-total-disability benefits for the same period. The court’s decision in Jones was based on the absence of a provision in the Act prohibiting a *911 recipient of unemployment-compensation benefits from also receiving benefits under the Act. Compare Jones, 361 So.2d at 567, with § 25-4-78(9), Ala.Code 1975, an unemployment-compensation provision providing for a claimant’s full or partial disqualification from receiving unemployment-compensation benefits if the claimant successfully obtains workers' compensation for a temporary disability. Unlike in this case, there is no indication in Jones that the appellant made a judicial-estop-pel argument.