MOORE, Judge,
concurring in the rationale in part and concurring in the result.
In this case, Paul Clemons sought permanent-total-disability benefits for a series of injuries he had suffered to his left knee and right shoulder. The record discloses that, after reaching maximum medical improvement from his last injury to his right shoulder on March 10, 2009, Clemons attempted to return to work at White Tiger Graphics, Inc., but was advised that no jobs were available that fit his permanent restrictions, which included no lifting over 20 pounds, limited use of the right upper extremity, no overhead lifting, and minimal repetitive motion. Clemons thereafter applied for and received unemployment-compensation benefits; White Tiger did not contest Clemons’s claim for benefits. In accordance with § 25-4-77, Ala.Code 1975, in order to obtain unemployment-compensation benefits, Clemons verified to the Alabama Department of Industrial Relations (“DIR”) that he was “physically and mentally able to perform work of a character which he is qualified to perform by past experience or training.” Clemons testified that he felt like he was able to work, that he had unsuccessfully sought employment within the printing field or otherwise, and that, if he found a job, he would “give it [his] best shot.” Clemons also testified that he had almost secured a job at an auto-parts store but that he had lost the opportunity when he informed that potential employer of his permanent physical limitations.
On appeal, White Tiger maintains that Clemons should be estopped from asserting that he is permanently and totally disabled for workers’ compensation purposes based on his representations to DIR in pursuit of his claim for unemployment-compensation benefits.[2] The main opinion finds no basis for applying the doctrine of judicial estoppel because it finds no inconsistency between Clemons’s representations to DIR and his claim for permanent-total-disability benefits. I do not subscribe to that reasoning. A representation that a worker is able to physically and mentally perform jobs of a character within his or her prior work experience directly contradicts any claim that the worker “is not able to perform his or her trade,” Dolgencorp, Inc. v. Hudson, 924 So.2d 727, 734 (Ala.Civ.App.2005), a key component of a permanent-total-disability claim. Nevertheless, I find no basis for applying the doctrine of judicial estoppel in this context.
In Richardson Homes Corp. v. Shelton, 336 So.2d 1367, 1370 (Ala.Civ.App.1976), overruled on other grounds by Ex parte Drummond Co., 837 So.2d 831 (Ala.2002), this court held that the receipt of unemployment-compensation benefits “does not preclude an award of workmen’s compensation [benefits].” In Florence Enameling Co. v. Jones, 361 So.2d 564 (Ala.Civ.App.1978), this court reaffirmed the holding in Shelton, noting:
“There is a provision in the unemployment compensation law disqualifying a person from receiving unemployment compensation if he is receiving workmen’s compensation benefits. Title 25, chapter 4, section 78(9), Code of Alabama 1975. Allied Paper Incorporated *916 v. Davis, Ala.Civ.App., 342 So.2d 363 (1977). However, there is no provision in the workmen’s compensation law (such as that found in section 78(9)) disqualifying an employee from receiving workmen’s compensation benefits if he is also receiving unemployment compensation. Accordingly, we do not find that Jones is disqualified from receiving workmen’s compensation benefits.”
361 So.2d at 567.
Although the term “judicial estoppel” cannot be found in Shelton or Jones, it is apparent that the employers in those cases asserted that it would be inconsistent and unfair for an injured worker to receive both unemployment-compensation benefits and workers’ compensation benefits for the same period. However, this court definitively decided that, without any legislation on point, a worker cannot be disqualified from receiving workers’ compensation benefits on the basis of the receipt of unemployment-compensation benefits. In so doing, this court recognized that, due to the intended comprehensive nature of workers’ compensation legislation, “the rights and remedies available to the affected parties must be found within the four corners of the Workers’ Compensation Act.” BFI Waste Servs., LLC v. Pullum, 991 So.2d 249, 252 (Ala.Civ.App.2008). In other words, it is within the prerogative of the legislature to decide if and how the receipt of unemployment-compensation benefits affects a claim for workers’ compensation benefits. Unless and until the legislature acts, this court is powerless to create or rely on a judicial or equitable remedy on the subject. See Paschke v. Retool Indus., 445 Mich. 502, 520-21, 519 N.W.2d 441, 449 (1994) (Brickley, J., concurring). Hence, Clemons cannot be judicially estopped from asserting a claim for permanent-total-disability benefits on the basis of his representations to DIR.
I fully concur with the main opinion that substantial evidence supports the trial court’s finding that Clemons is permanently and totally disabled. Although at one point in his testimony Clemons testified that he felt like he was able to work, the remainder of his testimony established that he can work only sporadically and in a very limited physical manner. See generally McGough v. G & A, Inc., 999 So.2d 898, 905 (Ala.Civ.App.2007) (holding that reviewing court views entirety of a witness’s testimony in context and not merely isolated portions of testimony when assessing its substantialness). Clemons’s vocational expert took into account those restrictions when opining that Clemons could not sustain gainful employment. A worker can be classified as permanently and totally disabled if his or her ability to work is so limited that he or she cannot expect to reliably work on any consistent basis due to pain and physical limitations from a work-related injury. See, e.g., Stebbins Eng’g & Mfg. Co. v. White, 457 So.2d 425, 427 (Ala.Civ.App.1984). Therefore, the trial court did not commit any legal error in awarding Clemons permanent-total-disability benefits.

. I agree with the main opinion that the parties tried the judicial-estoppel defense by consent. I note that the trial court did not make any findings of fact or conclusions of law on the issue, which ordinarily would warrant a remand of the case to enter an appropriate judgment; however, because I conclude that, as a matter of law, the judicial-estoppel defense does not apply, I see no need for remanding the case.