MOORE, Judge,
concurring in the rational in part and concurring in the result.
I agree with the main opinion that the evidence supports a finding that Gloria Washington (“the employee”) is permanently and totally disabled for workers’ compensation purposes. I also agree that the defense of judicial estoppel does not apply, but for reasons different from those stated in the main opinion.
I find no need to decide whether CVS/Caremark Corporation (“the employer”) properly raised the affirmative defense of judicial estoppel because I believe that defense does not apply in the present context. As I stated in my special writing in White Tiger Graphics, Inc. v. Clemons, 88 So.3d 908, 915-16 (Ala.Civ.App.2012) (Moore, J., concurring in the rationale in part and concurring in the result), this court decided over 35 years ago in Richardson Homes Corp. v. Shelton, 336 So.2d 1367, 1370 (Ala.Civ.App.1976), overruled on other grounds by Ex parte Drummond *401 Co., 837 So.2d 831 (Ala.2002), and in Florence Enameling Co. v. Jones, 361 So.2d 564 (Ala.Civ.App.1978), “that the receipt of unemployment compensation does not prohibit the receipt of workmen’s compensation benefits.” 361 So.2d at 567. The court reasoned that, although the legislature had included a provision in the Unemployment Compensation Act, § 25-4-1 et seq., Ala.Code 1975,[7] regarding the effect of a workers’ compensation claim on an unemployment-compensation claim, the legislature had not included any “provision in the workmen’s compensation law ... disqualifying an employee from receiving workmen’s compensation benefits if he is also receiving unemployment compensation.” Id. In other words, this court determined that the receipt of unemployment-compensation benefits would not preclude the receipt of workers’ compensation benefits unless the legislature explicitly provided for such a defense.
Since those decisions were issued, the legislature, the body who created the workers’ compensation remedy, has not amended Alabama’s workers’ compensation laws to supersede those decisions, even in the 1990’s when it completely revised the Alabama Workers’ Compensation Act, § 25-5-1 et seq., Ala.Code 1975, generally to add and strengthen defenses for employers, see, e.g., Act No. 92-537, Ala. Acts 1992.
“Overruling [Richardson Homes Corp. v. Shelton, 336 So.2d 1367, 1370 (Ala.Civ.App.1976), and Florence Enameling Co. v. Jones, 361 So.2d 564 (Ala.Civ.App.1978),] in the face of this legislative history would violate the rule that ‘[t]he Legislature, when it enacts legislation, is presumed to have knowledge of existing law and of the judicial construction of existing statutes.’ Mobile Infirmary Med. Ctr. v. Hodgen, 884 So.2d 801, 814 (Ala.2003). See also Ex parte Drummond Co., 837 So.2d 831, 835 n. 9 (Ala.2002) (‘In 1968, this Court adopted the Bell[ v. Driskill, 282 Ala. 640, 213 So.2d 806 (1968),] test. The Legislature has had more than 30 years to overrule or modify that decision; it has chosen not to do so. Moreover, in those 30 years, the Legislature has amended the Workers’ Compensation Act. “ ‘[W]hen the legislature readopts a code section, or incorporates it into a subsequent Code, prior decisions of this court permeate the statute, and it is presumed that the legislature deliberately adopted the statute with knowledge of this court’s interpretation thereof.’ ” ’ (quoting Jones v. Conradi, 673 So.2d 389, 392 (Ala.1995), quoting in turn Edgehill Corp. v. Hutchens, 282 Ala. 492, 495-96, 213 So.2d 225, 227-28 (1968))); Ex parte HealthSouth Corp., 851 So.2d 33, 41-42 (Ala.2002) (‘Presumably, when the Legislature reenacts or amends a statute without altering language that has been judicially interpreted, it adopts a particular judicial construction.’). Had the Legislature disagreed with the interpretation of [the Act] given by this Court in [Shelton and Jones ] it could have easily amended [the Act] in 1992, 1993, 1995, or 1996 when it changed, added, or repealed no less than 90 other sections of the Workers’ Compensation Act. The Legislature has acquiesced in the hold *402 ing of [Shelton and Jones ] and to overrule th[ose] case[s] now would be to disregard the doctrine of stare decisis.”
Hexcel Decatur, Inc. v. Vickers, 908 So.2d 237, 240-41 (Ala.2005).
I do not condone the employee’s behavior in misrepresenting to the state her ability to work, which behavior may well have been criminal in nature. See § 25-4-145(a)(1), Ala.Code 1975 (making it a crime to “willfully make[] a false statement or representation or ... willfully fail[ ] to disclose a material fact to obtain or increase any benefit or payment under this chapter”). However, I believe that the law as stated in Jones and Shelton authorized the Jefferson Circuit Court (“the trial court”) to reach its determination that the employee should receive permanent-total-disability benefits despite the fact that she had misrepresented to the state that she could work solely in order to obtain unemployment-compensation benefits. Any offense committed against the state’s judicial or administrative systems by this result should not be redressed through the withholding of workers’ compensation benefits pursuant to the doctrine of judicial estop-pel, at least until our legislature decides otherwise, but, rather, through the mechanisms that are already in place, which our legislature has expressly endorsed. See Shelton, 336 So.2d at 1370 (holding that any injustice occurring due to employee’s receipt of unemployment-compensation benefits should be corrected by Alabama Department of Industrial Relations, not court awarding workers’ compensation benefits); see also Clemons, 88 So.3d at 916 (Moore, J., concurring in the rationale in part and concurring in the result) (“Unless and until the legislature acts, this court is powerless to create or rely on a judicial or equitable remedy on the subject.”).
That said, even if judicial estoppel was a viable defense, it is apparent that the trial court did not exceed its discretion in concluding that the defense had not been tried by the implied consent of the parties such that the pleadings should be amended to include the defense under Rule 15(b), Ala. R. Civ. P.
When an allegedly injured worker states in an application for unemployment-compensation benefits that he or she is physically able to work, that admission may be used against the worker as proof that no disabling injury has occurred. See Guster v. Goodyear Tire & Rubber Co., 611 So.2d 370, 371 (Ala.Civ.App.1992) (evidence that worker indicated in application for unemployment-compensation benefits that he was ready, willing, and able to accept employment if it was offered to him, among other evidence, supported finding that worker had not sustained a compensable injury). Such an admission constitutes a statement inconsistent with a claim of disability that may be used by a trial court as evidence undermining the credibility of the worker. See Patterson v. Liz Claiborne, Inc., 872 So.2d 181, 187 (Ala.Civ.App.2003) (Per Thompson, J., with one judge concurring specially and one judge concurring in the result) (where trial court found “implausible” the worker’s explanation for inconsistent statements made in application for unemployment-compensation benefits, trial court was authorized to reject worker’s testimony in its entirety as to cause of her back injury). A statement made by a worker in an application for unemployment-compensation benefits is an extrajudicial admission, which, as explained by our supreme court in Liberty National Life Insurance Co. v. Daugherty, 840 So.2d 152, 161 (Ala.2002) (quoting 9 John Henry Wigmore, Evidence in Trials at Common Law § 2588 at 821-22 (Chadbourn rev. ed.1981)), “ ‘is merely an item of evidence, available against the party on the *403 same theory on which a self-contradiction is available against a witness.... [T]he [quasi-admission] is not conclusive....”’ That statement “is in the nature of an admission on the part of the plaintiff which bore heavily against him in weighing the conflict in the evidence,” Bell v. Tennessee Coal, Iron & R.R. Co., 247 Ala. 394, 396, 24 So.2d 443, 444 (1946) (discussing the effect of statements made by an injured worker in a claim for nonoccupational injury and sickness insurance benefits), but which does not have the effect of estopping the worker from asserting his or her claim for workers’ compensation benefits. Id.
During the trial, the employer introduced evidence regarding statements the employee had made to the Alabama Department of Industrial Relations in her application for unemployment-compensation benefits to the effect that she was able to work. The trial court expressly treated the admissions made by the employee that she was able to work as extrajudicial admissions to be weighed along with the other evidence in determining the extent of the employee’s disability and credibility and not as evidence of judicial estoppel, a defense that had not been expressly pleaded by the employer before-the trial.
Rule 15(b), Ala. R. Civ. P., requires a trial court to amend the pleadings to conform to the evidence if the parties expressly or impliedly consented to such an amendment by litigating an unpleaded claim or defense. See Aman v. Gilley, 55 So.3d 248, 251 (Ala.Civ.App.2010). However, “a determination ‘as to whether [an] issue has been tried by express or implied consent under Rule 15(b)[, Ala. R. Civ. P.,] is a matter for the trial court’s sound discretion, which will not be altered on appeal absent an abuse [of that discretion].’ ” International Rehab. Assocs., Inc. v. Adams, 613 So.2d 1207, 1214 (Ala.1992) (quoting McCollum v. Reeves, 521 So.2d 13, 16 (Ala.1987)). If evidence supports a pleaded defense, a trial court can determine that the introduction of that evidence does not inject any new, unplead-ed issues into the case for the purposes of Rule 15(b). See McCollum v. Reeves, 521 So.2d at 17; and Foy v. Foy, 447 So.2d 158, 162-63 (Ala.1984). In this case, the trial court reasonably could have found that the employee, by answering questions that were highly relevant to the employer’s answer generally denying her claim that she was unable to work, did not impliedly consent to try the unpleaded defense of judicial estoppel of which she had had no prior notice.
DONALDSON, J., concurs.

. Section 25-4-78(9), Ala.Code 1975, with certain provisos, currently precludes an employee from recovering unemployment-compensation benefits for "any week with respect to which, or a part of which, he [or she] has received or is seeking compensation for temporary disability under any workers' compensation law.” That statute was in effect when this court decided Shelton and was expressly described in Jones as “a provision in the unemployment compensation law disqualifying a person from receiving unemployment compensation if he is receiving workmen’s compensation benefits.” 361 So.2d at 567.